## FARMERS' & STOCKMEN'S STATE BANK et al. v. NEUFELD. (No. 2628.)

(Court of Civil Appeals of Texas. Amarillo. April 21, 1926. Rehearing Denied May 26, 1926.)

**1. Banks and banking ⚙⇒15—Evidence held to support finding that plaintiff's deposit was noninterest-bearing and unsecured, and entitled to be paid out of guaranty fund (Rev. St. 1925, arts. 446, 447).**

Evidence *held* to authorize submission to jury of question whether plaintiff's deposit was at time bank ceased doing business an interest-bearing or secured deposit, and to support finding that it was not, requiring its payment out of guaranty fund, under Rev. St. 1925, arts. 446, 447.

**2. Banks and banking ⚙⇒15—Judgment against banking board in their official capacity in suit to compel payment of claim out of guaranty fund held not error.**

In suit to compel payment of claim against defunct bank out of guaranty fund as an unsecured noninterest-bearing deposit, judgment against bank and members of banking board in their official capacity *held* not error.

**3. Banks and banking ⚙⇒15.**

Depositor recovering deposit in defunct bank from guaranty fund as noninterest-bearing claim is not entitled to interest on judgment.

Appeal from District Court, Ochiltree County; Frank Willis, Special Judge.

Suit by J. H. Neufeld against the Farmers' & Stockmen's State Bank and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

John W. Goodwin, of Austin, H. E. Hoover, of Canadian, and Allen & Allen, of Perryton, for appellants.

R. T. Correll and J. W. Payne, both of Perryton, and F. P. Works, of Amarillo, for appellee.

JACKSON, J. This suit was instituted July 25, 1925, by J. H. Neufeld, as plaintiff, in the district court of Ochiltree county, Tex., against the Farmers' & Stockmen's State Bank, Chas. O. Austin, Dan Moody, and W. Gregory Hatcher, the last three of whom are alleged to compose the state banking board of Texas, as defendants.

Plaintiff alleged that the defendant the Farmers' & Stockmen's State Bank was a banking corporation, duly incorporated under the laws of Texas, and theretofore did a banking business with its domicile at Perryton in Ochiltree county. That the defendant Chas. O. Austin is the banking commissioner, the defendant Dan Moody is the Attorney General, and the defendant W. Gregory Hatcher is the treasurer of the state of Texas, and composed the state banking board of the state. That the defendant bank, on September 26, 1924,

and for a number of years prior thereto, had been engaged in the banking business and operating as a state bank under the depositors' guaranty fund plan, having complied with all the legal requirements necessary to entitle its general depositors to the benefit of the depositors' guaranty fund; that he was, and had been for a number of years, a patron of said bank, and on September 26, 1924, he had deposited therein to his credit as a general deposit, unsecured and noninterest-bearing, the sum of $10,813.24, subject to check. That on said date the defendant bank, because of insolvency, was closed by, and all of its assets taken in charge by, the banking commissioner of the state, who became, and still is, engaged in liquidating the business of said bank. That notice of insolvency was given by the commissioner in the time prescribed by law, and plaintiff filed with him and the liquidating agent his claim in compliance with the statutes. That said banking commissioner refused to classify plaintiff's claim so as to authorize its payment out of the depositors' guaranty fund, and on or about April 21, 1925, rejected said claim and refused payment thereof out of the depositors' guaranty fund. That no part of his said deposit has been paid, and it constitutes a valid claim against the depositors' guaranty fund, as said deposit was unsecured and no interest had been paid or was being paid thereon; neither was there agreement to pay any interest on the deposit by the defendant bank, its officers, stockholders, directors, or any other person, directly or indirectly.

By a trial amendment, plaintiff prayed that he have judgment for the full amount of his said claim, and that it be so classified by the state banking board and commissioner as to participate in the depositors' guaranty fund, and that he have judgment establishing his claim as an unsecured, noninterest-bearing claim, that all necessary and proper orders be entered, requiring and directing that his claim be paid in full out of the guaranty fund, and for relief, general and special, both in law and in equity.

The Farmers' & Stockmen's State Bank answered separately by general demurrer and general denial. The other defendants filed an answer which reads:

"Now come defendants Chas. O. Austin, banking commissioner of the state of Texas, Dan Moody, Attorney General of the state of Texas, and W. Gregory Hatcher, treasurer of the state of Texas, composing the state banking board, and demur to plaintiff's original petition, and say that the same is insufficient in law and states no cause of action against them or either of them, and of this they pray judgment of the court.

"Answering herein, come said defendants and deny all and singular the allegations in plaintiff's petition, and of this they put themselves upon the country."

284 S.W.—44

The court submitted to the jury but one special issue, as follows:

"Was the deposit in the sum of $10,813.24, which the plaintiff had on deposit in the Farmers' & Stockmen's State Bank at Perryton, Tex., on September 26, 1924, at the time said bank closed and ceased doing business, or within a period of 90 days prior to the closing of such bank, an interest-bearing or secured deposit?"

This issue the jury answered in the negative.

On this verdict the court rendered judgment that the plaintiff recover of and from the defendants the Farmers' & Stockmen's State Bank of Perryton, Tex., and the state banking board of the state of Texas, composed of Chas. O. Austin, commissioner of banking, Dan Moody, Attorney General, and W. Gregory Hatcher, state treasurer, in their official capacity, the sum of $10,813.24, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum, and for costs. The judgment further decrees that the claim and demand of the plaintiff be and the same is classified so that same shall participate in the guaranty fund of said board under the banking laws of the state of Texas, the same being established as an unsecured, noninterest-bearing claim against the defendants, and that the board be and by the judgment are directed and required to make payment thereof in full out of the depositors' guaranty fund.

From this judgment for plaintiff, appellee here, the defendants prosecute this appeal as appellants.

They present as error the action of the trial court in overruling their respective general demurrers to appellee's petition, because under the allegations and prayer therein he did not seek a judgment against the bank nor against the banking board for the amount of his claim, but sought a decree classifying his deposit as an unsecured, noninterest-bearing deposit, and, inasmuch as the banking commissioner, who was not sued, is by statute charged with the duty of classifying claims, and had, after taking charge of the insolvent bank, classified the claim as interest-bearing and rejected payment thereof out of the guaranty fund, no action would lie against the bank nor against the banking board to have the claim classified.

Appellee's petition designates Chas. O. Austin, banking commissioner, as one of the defendants. He answered as a defendant. Appellee asks that his claim be classified by the state banking board and the commissioner of banking as an unsecured, noninterest-bearing deposit, that he have judgment against all of the appellants for the full amount of his claim, and that the necessary orders be made directing the payment thereof out of the guaranty fund.

In our opinion, overruling appellants' general demurrers was not error. Chapman v. Guaranty State Bank (Tex. Civ. App.) 259 S. W. 972; Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100.

Appellants assign as error the action of the trial court in refusing their respective requested peremptory instructions, because the banking commissioner had approved appellee's claim as a general creditor's claim, and the uncontroverted evidence shows that the appellant bank had contracted with appellee to pay him interest on his deposit.

It is agreed that Chas. O. Austin, Dan Moody, and W. Gregory Hatcher are the officers composing the banking board, that proper notice was given to the creditors and claimants of the bank by the commissioner, and that appellees claim was duly presented to the banking commissioner within 90 days for classification and allowance, and that appellant bank was operating under the guaranty fund plan.

The record shows that suit was filed within the prescribed six months, and that the said bank was officially closed September 26, 1924, and its assets placed in the hands of the banking commissioner for liquidation, and that on said date appellee had on deposit in said bank the sum of $10,813.24, the payment of which was refused out of the guaranty fund.

The appellee testified: That he had been doing business with the bank for several years, and that he was paid interest on his deposit for the year 1923, "but the interest-bearing feature applied to no other term." That in the early part of 1923 he had a conversation with Allen M. Wilbanks, the president, who agreed to pay him 7 per cent. interest on his lowest monthly balance. He says:

"I asked him to, and he wanted to know if my account would be fairly steady during the year, and I told him so far as I knew it would; so he agreed then that he would pay me the 7 per cent. and figure interest July the 1st and January the 1st, that is, July 1, 1923, and January 1, 1924, and it would be figured on the lowest balance during the month  After that conversation, interest was figured up on my account, and payment was made on August 3d, the first payment, and January 3d, the second payment. That payment was August 3, 1923, and the second payment was January 3, 1924. The payment of August 3d covered six months until July 1st, and the payment of January 3, 1924, covered from July 1, 1923, to January 1, 1924."

That when the last installment of interest was paid him the president of the bank objected, and said it was too much interest, but paid it—after which time there was nothing further said about the payment of interest by him to any of the bank officials, or any of the banking officials to him, and that no other interest was ever paid him, and no other calculation of interest was ever made. That he did not intend or expect any interest after that time, and collected none. That his deposit with the bank had not been interest-bearing before the year 1923. That on September 16, 1924, he deposited with the bank $9,833.40. That there was no understanding between him and the bank or its officers at the time he made this deposit that it would be a loan, or protected by the president, or paid by the president. That he had no talk with the bank about matters of that kind after payment of the interest on January 3, 1924.

If the bank had owed appellee interest on his deposit for the year 1924, under the contract for interest made in the early part of 1923, which was that interest should be paid July 1st and January 1st, thereafter, the first installment of interest on the 1924 deposit would have been due July 1st of that year. No demand was made by appellee for the payment of interest; no offer of payment was made by the appellant bank; no, mention thereof made by either party. The record suggests no fraud on the part of appellee; it is manifest that he was not refraining from asserting his right to interest because apprehensive of the bank's condition, for on September 16, 1924, he deposited with said bank $9,833.40. On June 30, 1924, his balance was reduced to $96, and on July 1st, the date the interest would have been due under such contract, was but $241.73.

[1] Appellee's testimony that his contract for interest on his deposit covered "no other term" except the year 1923, that the banker at the time of the agreement early in 1923 to pay interest, asked if appellee's account "would be fairly steady during the year," and was advised in the affirmative, that the agreement was to pay interest on July 1, 1923, and on January 1, 1924, that after the payment of the last interest installment for the year 1923, on January 3, 1924, at which time the banker objected to the rate, no extension or renewal of the agreement was ever discussed, no demand for interest on its due date, July 1st, with a balance of but $241.73, was made then or thereafter, and the payment thereof never suggested by either party after said date, and that defendant deposited $9,833.40 in the bank just 10 days before it was closed by the banking commissioner —all of which facts are without contradiction by any testimony in this record—authorized a submission of the case to the jury and amply supports the finding.

Under this evidence the agreement for the payment of interest on appellee's deposit covered only the year 1923, and such agreement was, under the testimony, terminated by performance when the bank paid appellee, on January 3, 1924, the last installment of interest for the year 1923, and there was no issue as to whether the parties had agreed to

terminate the contract; such agreement had become an executed contract by its terms and by performance. The existence of the agreement to pay interest on appellee's deposit was limited, under this record, to the year 1923, and, had the bank remained solvent and continued business, appellee could not have enforced the collection of interest during the year 1924 without some additional understanding; hence, appellant's contention that the special issue submitted by the court was erroneous because he should have submitted to the jury the question only of whether the contract between appellee and the bank had been terminated is not tenable. The issue submitted by the court, and the answer thereto by the jury, entitled appellee to recover under the provisions of articles 446 and 447 of the R. C. S. of 1925.

Appellants submitted no special charge or special issue. All the objections and exceptions tendered by the appellants raise a question of the sufficiency of the evidence to authorize the submission of the special issue in the court's charge.

[2] The assignment attacking as error the action of the court in rendering judgment against the bank and against the members of the banking board in their official capacity do not present reversible error. Chapman v. Guaranty State Bank (Tex. Civ. App.) 259 S. W. 972; Id. (Tex. Com. App.) 267 S. W. 690; Kidder v. Hall, 113 Tex. 49, 251 S. W. 497.

[3] While not raised in the motion for new trial, appellants present as fundamental error the action of the court in decreeing that the judgment for the sum of $10,813.24 bear interest from date thereof at the rate of 6 per cent. per annum.

Under the decision by the Commission of Appeals on rehearing in the case of Eastland County v. Chapman, Commissioner, 278 S. W. 425, this contention must be sustained. For original opinion, see 276 S. W. 276; first opinion on rehearing, 277 S. W. 629.

The judgment will therefore be reformed that appellee recover and be paid out of the guaranty fund the sum of $10,813.24, without interest, and, as so reformed, the judgment is affirmed.