R. J. HAWTHORNE ET AL. v. STATE OF TEXAS.

Decided April 19, 1905.

**1.—Plea in Abatement.**

Where the record shows a plea in abatement acted on and overruled by the court but fails to disclose the ground on which the court acted it will be presumed that it was upon evidence which sustained the ruling.

**2.—Liquor Dealer's Bond—Recovery.**

The State, in suit for penalties for breach of a liquor dealer's bond, is not limited to the recovery of a single penalty irrespective of the number of conditions broken or the number of breaches of any one condition.

**3.—Same—Evidence—Control of Premises.**

Evidence considered and held to afford proof that the second story of a saloon building in which gaming was carried on was under control of the proprietor of the saloon and to support a recovery against him for breach of the conditions of his bond.

**4.—Same—Pleading—Allegation of Time.**

It is not necessary that the proof of breach of a liquor dealer's bond correspond in time with the date alleged in the petition.

**5.—Penalty—Interest.**

It was erroneous for the judgment for penalties on breach of a liquor dealer's bond to award interest thereon from the date of the judgment, but the error, being capable of correction on appeal, does not require reversal.

Appeal from the District Court of Johnson County. Tried below before Hon. Nelson Phillips.

*Odell, Phillips & Johnson* and *T. L. Camp,* for appellants.—If the law which creates the offense is repealed, no further proceedings can be taken under the repealed law to enforce the punishment for a breach of the same. Cooley's Const. Lim., 5th ed., art. 471; Wade on Retroactive Laws, sec. 301; Wall v. State, 18 Texas, 683.

In a suit upon a retail liquor dealer's bond by the State of Texas for the use and benefit of a county, the limit of the recovery is $500, regardless of the number of conditions breached, or the number of times any one condition is breached. Batts' Rev. Civ. Stats. of Texas, art. 5060g.

The judgment is wholly unsupported by the evidence, in that the

defendants established by uncontradicted testimony that R. J. Hawthorne, during the times which the breaches are alleged in plaintiff's petition to have occurred, did not have the right to, nor did he exercise any right of possession or control or ownership over the second story of the building in which it conclusively appears that the breaches complained of occurred.

The evidence conclusively showed that defendant's house or place of business over which he had the right to exercise ownership or control was confined to the first story of the building.

It was established by the preponderance of evidence that if any games prohibited by the laws of the State of Texas were played, dealt or exhibited in the second story of the building in which Hawthorne carried on the business of a retail liquor dealer, that said games were played, dealt and exhibited prior to September 1, 1903, this being the date at which plaintiff alleged the breaches commenced.

It is conclusively shown that if games were played, dealt or exhibited in the second story of the building in which Hawthorne conducted his saloon on the first floor, that said games were not carried on by the permission nor with the knowledge or consent of R. J. Hawthorne, his agents or employes.

The court erred in its judgment wherein he specified that the recovery herein bear interest at the rate of six percent per annum from the 4th day of June, 1904, because penalties do not bear interest pending appeal. State v. Steen, 14 Texas, 396; People v. Sutter St. Ry., 129 Cal., 548; reported in 79 Amer. St. Rep., 139.

It is the right and the duty of the Appellate Courts to set aside a verdict or judgment when the same is not supported by the evidence but is contrary thereto. Willis v. Lewis, 28 Texas, 191; Houston & T. C. Ry. Co. v. Schmidt, 61 Texas, 286, cases cited; Missouri P. Ry. Co. v. Somers, 78 Texas, 441; Douthit v. State, 83 S. W. Rep., 795.

*Mason Cleveland, J. B. Haynes* and *O. T. Plummer,* for appellee.— The statement of facts does not show what evidence was introduced to sustain the plea in abatement. The presumption is that the court heard evidence on said plea and that the evidence was not sufficient to sustain it, and that the court did not err in overruling the same. Jones v. Black, 1 Texas, 531; Duffield v. Bodine, 2 Texas, 292; Kirkham v. Snively, 2 Texas, 448; Moore v. Hardison, 10 Texas, 474.

The adoption of local option in a county may repeal or suspend all other laws on the same subject, but under the Constitution and laws of Texas, it does not release or excuse any person who has incurred the penalty, or subjected himself to a fine imposed by the law existing, when local option was adopted. Art. 3, secs. 55 and 56, State Const.; art. 16, sec. 18; Rev. Stats., art. 5060g.

The court did not err in not sustaining appellant's first special exception to appellee's first amended original answer as complained in appellants' second assignment of error. The State may recover more than one penalty in the same suit on such a bond. Jones v. State, 81 S. W. Rep., 1010.

The court did not err as mentioned in appellants' sixth assignment of error. Without mentioning six percent interest, the judgment would

have drawn interest at the rate of 6 percent per annum. Even if the court erred the Court of Civil Appeals can reform the judgment so as not to allow interest.

EIDSON, ASSOCIATE JUSTICE.—This is a suit in the name of the State of Texas, for the use and benefit of Johnson County, brought by the county attorney, to recover of R. J. Hawthorne and his surety, American Bonding Company, penalties aggregating $4,000, for alleged breaches of R. J. Hawthorne's liquor dealer's bond.

The alleged breaches consisted of appellant Hawthorne, at the various dates alleged, permitting games prohibited by the laws of the State to be played, dealt and exhibited in and about his place of business as a retail liquor dealer.

Appellants answered by plea in abatement, general and special demurrers, general denial and special answer. The case was tried before the court without a jury; appellants' plea in abatement and general and special demurrers were overruled, and the court rendered judgment in favor of appellee against appellants for the sum of $2,500, with interest at the rate of 6 percent per annum from the 4th day of June, 1904.

By their first assignment of error, appellants complain of the action of the court in overruling their plea in abatement, which set up that since the commission of the offenses complained of in appellee's petition, Johnson County had duly and legally held an election, the result of which was to establish and put into effect in that county the law known as the local option law, the result of which was to repeal the law under which appellant Hawthorne carried on the business of a retail liquor dealer; and that the repeal of said law abated any prosecution for the violation of the law by a retail liquor dealer. It appears from the record that the court below considered and overruled appellants' plea in abatement, but the record does not disclose upon what ground such action was based. There is no evidence in the record in support of the plea in abatement. In view of this condition of the record, we must presume that the action of the court was authorized and proper.

Appellants' second assignment of error complains of the action of the court in overruling their first special exception to appellee's petition, which was to the effect that under the allegations in appellee's petition, the law limited the recovery of appellee to the sum of $500; appellants' contention being that in a suit upon a retail liquor dealer's bond by the State of Texas, for the use and benefit of a county, the limit of a recovery is $500, regardless of the number of conditions breached, or the number of times any one condition is breached. The question here raised has been decided adversely to appellants' contention by the Dallas Court of Civil Appeals, in the case of Jones v. The State, 81 S. W., 1010; and also by this court in Cox v. The State, 88 S. W. Rep., 812, though the opinion does not discuss the question.

Appellants' third, fourth, fifth and sixth assignments of error relate to the sufficiency of the testimony to support the judgment of the court. In our opinion the testimony, as shown by the record, is sufficient to support the finding of the court that as many as five of the alleged breaches of his bond had been committed by appellant Hawthorne. We think that the evidence shows that said appellant and his employes, at

the times alleged in the petition of appellee, were using and exercising control over the upper story of the building, the lower story of which he had rented and was using as his place of business as a retail liquor dealer, in connection with such lower story, in the operation of his said business, and that they permitted parties to play, deal and exhibit games prohibited by law in said upper story of said building while so using and exercising control over same. In fact, the testimony shows that, on several occasions, about the dates alleged in appellee's petition, Robbins, the person who was the general manager of appellant Hawthorne's business, was seen engaged with other parties in playing cards for money in the upper story of the building. The testimony tends to show that the parties engaged in such games entered the second story of the building where the games were dealt, played and exhibited, by going out of the saloon through the side door thereof, which opened into the stairway that led to the upper story, thence by said stairway into said upper story. The testimony also tends to show that, at the times the prohibited games were in operation, there was telephone connection between a point in the rear of appellant's bar, in the lower story of the building, and the upper story where the games were going on. The testimony also tends to show that this telephone connection was, at the time the games were being operated, used by appellant Hawthorne and his employes to advise the parties engaged in the games of the approach of the officers of the law, who might be endeavoring to ascertain whether or not any games prohibited by law were being carried on in the upper story of said building, so that they might take steps to avoid detection by such officers. The testimony also tends to show that this telephone connection was used by the participants in the said games, and appellant Hawthorne and his employes in the saloon, as a convenient and expeditious method of ordering and receiving orders for intoxicating liquors to be sent up to the second story of said building to the participants in such games. The testimony tends to show that intoxicating liquors were used by the participants in such games during the progress thereof. It was not necessary that the proof should show that the breaches alleged occurred within the exact dates, as alleged in appellee's petition. Proof showing that the breaches occurred a few months prior would support the allegations.

Appellant's seventh assignment of error complains of that part of the judgment of the court below which provides for interest at the rate of six percent per annum upon the amount recovered from the fourth day of June, 1904, upon the ground that judgments for penalties under the law are not entitled to bear interest. In our opinion, this assignment should be sustained. It has been held by our Supreme Court that a sum recoverable for the infraction of the conditions of a liquor dealer's bond is a penalty. (Johnson v. Rolls, 79 S. W. Rep., 513.) Article 3105, Sayles' Revised Statutes, is as follows: "All judgments of the several courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than six percent per annum, and not exceeding ten percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment."

This article, however, must be construed in connection with article 3097, id., which is as follows: "Interest is the compensation allowed by law, or fixed by the parties to a contract, for the use or forbearance or detention of money." The amount collected is in the nature of a punishment for the violation by the liquor dealer of the conditions of his bond (Johnson v. Rolls, supra), and under no view or theory can it be held that the State is entitled to interest upon the ground that the liquor dealer had used or detained a sum of money due the State by him. We are of the opinion that article 3105 above quoted, when construed in connection with said article 3097 and the holding in the case of Johnson v. Rolls, supra, does not apply to judgments recovered for breaches of the conditions of a liquor dealer's bond. (State v. Steen, 14 Texas, 396; People v. Sutter St. Ry., 79 Am. St. Rep., 139, 129 Cal., 548.) This conclusion, however, will not necessitate a reversal of the judgment of the court below, but will require its reformation so as to bear no interest.

The judgment of the court below is therefore reformed so as to bear no interest; and, thus reformed, the judgment of the court below is affirmed.

*Reformed and affirmed.*

Writ of error refused.