## THE OHIO SUPREME COURT

### 214
### SCHARIO v. STATE

No. 17409                    Decided July 5, 1922

This opinion has not been published except in Abstract.

CONSTITUTIONAL LAW—(1) Language of law should be ordinary meaning of words used—(2) 30-day period for hearing case after filing petition in error not inclusive of final judgment on petition—(3) Part of 6212-20 G. C. unconstitutional — (4) An act attempting to prescribe time for acts courts to hear case is unconstitutional.

WANAMAKER, J.

#### Epitomized Opinion

Error to Stark County Court of Appeals

Schario was convicted by the Canton Criminal Court of violating the Crabbe Act and prosecuted error to the common pleas, in which a petition in error was filed within 30 days after the judgment. More than 30 days after the filing of the petition in error the State moved to dismiss the action because more than 30 days had passed since the filing and the case had not been heard by the common pleas court. The motion was sustained, error prosecuted to the Appeals Court where the judgment was affirmed and now error is prosecuted to this court. Held by Supreme Court in reversing the judgment:

1. The language of the law, constitutional or statutory, should be given the ordinary and usual meaning of the words and phrases employed.

2. Sections 6212-13 to 6212-20, G. C., providing among other things that "the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error," does not include within its terms the final consideration, determination and judgment upon such petition in error, and the record therein.

3. So much of such act (Section 6212-20, G. C., as reads, "A petition in error . . . filed in any court to reverse a conviction for a violation of this act, or to reverse a judgment affirming such conviction . . . shall be heard by such reviewing court within not more than thirty court days after filing of such petition in error is in conflict with the constitution, and is null and void.

4. An act of the general assembly attempting to peremptorily prescribe the time within which any court in the exercise of its judicial function shall hear or determine a matter properly within its jurisdiction is a legislative invasion of judicial power, and, as such, is unreasonable and unconstitutional, and therefore null and void.

Attorneys, J. M. Blake, for Schario; T. M. Miller, J. A. White and C. M. Earhart, for State.

### 215
### SHAFER v. STREICHER, a taxpayer

Ohio Supreme Court, No. 17419. Decided July 5, 1922.

This opinion has not been published except in Abstract.

HIGHWAYS—(1) Application of 1206 G. C. regarding improvements and reconstruction of roads by State Highway Commissioner.

ROBINSON, J.

#### Epitomized Opinion

Error to Franklin County Court of Appeals

Shafer and Streicher were bidders for a contract to improve in a certain manner, a portion of an inter-county highway in Wyandot County, and Shafer was granted the contract some 30 days after the receiving of the bids, contrary, as claimed by Streicher, to 1206 G. C., which provides a 10-day limit. Shafer claims that the work contemplated in the contract was not of the nature provided for by 1206 G. C., but was resurfacing and reconstruction as authorized by 1224 G. C., and the evidence seems to bear him out in his contention.

The Court of Appeals enjoined the Highway Commissioner from proceeding under the contract, but it was held by the Supreme Court, in reversing the judgment:

1. The provisions of 1206 G. C., by the apt language of that section, are applicable to improvements instituted by a resolution of the commissioners of a county, or the trustees of a township, and there is nothing in that section, or in any other sections of Part First, Title III, Division II, Chapter 18, G. C., entitled State Highway Department, which makes them applicable to resurfacing or reconstructing, conducted by the State Highway Commissioner under 1224 G. C.

Attorneys, J. G. Price and W. J. Meyer, for Shafer; U. G. Denman, J. M. Butler, and L. L. Boger, for Streicher.

# THE OHIO COURTS OF APPEALS

**Decide more than a thousand cases each year you have not been getting**

# Do You Want Them All?

**The only way you can get all the Current Ohio Cases fully digested and indexed by titles is by subscribing for**

# The Ohio Law Abstract