327. COURTS — Powers and duties of judges—1558 GC. (110 OL. 52) constitutional —Imposing new duties on, not creation of a new office.

1. Section 1558, General Code, as amended (110 OL. 52), is a law of a general nature and has uniform operation throughout the state and does not therefore contravene Section 26 of Article II of the Ohio Constitution.

2. The imposition of additional duties upon an existing office, to be performed under a different title, does not constitute the creation of a new office.

Judgment for respondent.

Wanamaker, Robinson, Jones, Matthias, Day an' Allen, JJ., concur.

No other case this week.

# New Supreme Court Opinions

For dates of rendering these opinions, see headlines over cases.

No. 113
STATE ex rel SMITH v. BARNELL
Ohio Supreme Court
No. 17986. Filed May 22, 1923
Decided Jan. 29, 1924

For Official Syllabus see 2 Abs. 101

801. MUNICIPAL LAW—City charter provision, that upon suspension of policemen or firemen, the chief shall certify the fact and cause to the director of public safety, who within 5 days shall proceed to inquire into the caues thereof, is directory and not mandatory, and the acts of the director, in inquiring and rendering judgment are administrative and quasi judicial, and not judicial.

ALLEN, J.

Epitomized Opinion
First Publication of this Opinion

Smith was suspended from the position of city fireman in Zanesville by the fire chief on the charge of drunkenness, arrest, failure to appear in court, and other immoral conduct. The Zanesville charter provides that within 5 days after the fact and cause of suspension is certified by the chief to the director of public safety, the latter shall proceed to inquire into the cause of such suspension and render judgment thereon. The inquiry in this case was not made within the 5 day period. It was claimed that this provision was mandatory. The Court of Appeals held that the 5 day provision was unreasonable, unconstitutional, and void, on the authority of 105 OS. 535 and refused the peremptory writ of mandamus. The Supreme Court, in affirming the judgment, held:

1. 105 OS. 535 does not apply to the present proceeding. It applies to legisative restrictions upon judicial power, and not to restrictions upon quasi judicial and administrative power.

2. The acts of the director in inquiring into the acts of suspension and rendering judgment and not judicial, but are administrative and quasi judicial. Hiring is plainly administrative and the act of removal or suspension is simply the converse of the act of employment or appointment.

3. The 5 day limitation imposed by the charter is not mandatory but directory only.

Robinson, Jones, Matthias and Day., JJ., concur.

Wanamaker, J., concurs in the judgment.

Marshall, C. J., took no part in the consideration or decision of the case.

Attorneys—E. E. Power and John G. Bassett, Zanesville, for State; O. A. Porter, Zanesville, for Barnell.

---

No. 114
STATE ex rel STANDARD OIL v. HARRIS
Ohio Supreme Court
Decided Feb. 12, 1924

No. 18231, filed Dec. 12, 1923. 1 Abs. 859

747. MANDAMUS—Denided as another action pending in which there is a plain and adequate remedy at law.

BY THE COURT.

Epitomized Opinion
First Publication of this Opinion

This is an original action in mandamus, in which relator prayed for a writ to command the defendant, City Building Inspector of Warren, O., to issue it a permission to construct a service station. It appears from the pleadings that another action was pending in the Common Pleas of Trumbull county, brought by the city against the relator, in which a temporary injunction had been issued by the court restraining the relator from proceeding with this construction, and was in full force and effect. In this action the relator had filed an answer.

It is the opinion of this court that the action herein can be fully tried and determined in that action, and that this writ should not be issued because the relator has therein a plain and adequate remedy which may be obtained in that action.

Attorneys—Niman, Grossman, Buss & Haliday, Cleveland, for Relator.