**EASTLAND COUNTY v. CHAPMAN, Com'r.**
(No. 531–4214.)

(Commission of Appeals of Texas, Section B. Jan. 6, 1926.)

**1. Costs** ⊙⇒32(3)—Plaintiff prevailing in part held entitled to costs.

County suing commissioner of insurance and banking to establish its right to protection of depositors' guaranty fund, and ultimately maintaining its right to recovery in part in district court, is, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2035, entitled to costs in that court.

**2. Banks and banking** ⊙⇒15—Interest not recoverable on claim payable out of depositors' guaranty fund.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 486, county, suing commissioner of insurance and banking to establish its right to protection of depositors' guaranty fund, and prevailing in part, held not entitled, under article 4973, to recover interest.

**3. Interest** ⊙⇒1—A statutory liability does not carry interest, in absence of provision to that effect.

A statutory liability does not carry interest, in absence of a provision to that effect.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

On motion to correct and modify judgment entry. Motion granted in part.

For former opinion, see 276 S. W. 654, rehearing of which was denied in 277 S. W. 629.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SPEER, J. [1, 2] Plaintiff in error moves a correction of the judgment entry in the following particulars: First, so that the costs of the district court may be taxed against defendant in error; and second, that the judgment may allow legal interest upon the $85,557.83 established as a claim to be paid out of the depositors' guaranty fund. The motion should be granted in so far as it seeks to recover the costs of the district court, since the plaintiff in error has ultimately maintained its right to a recovery (in part) in the district court (Vernon's Sayles' Texas Civil Statutes, art. 2035), but should be overruled in so far as it seeks interest to be paid out of the depositors' guaranty fund. It is very generally stated that interest is of a purely statutory origin, and not the creature of the common law, and that interest should be refused except in such cases as come within the terms of the statute. 33 C. J. p. 183, § 15; 15 R. C. L. p. 9, § 7. Our statute (Vernon's Sayles' Texas Civil Statutes, art. 4973), thus defines interest:

"'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money."

[3] Now, the liability of the depositors' guaranty fund is not predicated upon the theory of contract at all. The liability of that fund is purely statutory, and we think the statute (Vernon's Sayles' Tex. Civil St., art. 486), defining liability of such fund, has the effect to limit such liability to a payment of the remainder of unsecured noninterest bearing deposits after the application of the available funds of the failed bank. The authorities in this state indicate that a statutory liability will not carry interest in the absence of a provision to that effect. Western Union Telegraph Co. v. State, 55 Tex. 314, denied the state a judgment for interest on taxes; and the same holding is made in Cave v. Houston, 65 Tex. 619. Hawthorne v. State, 39 Tex. Civ. App. 122, 87 S. W. 839, refused to allow interest upon a recovery upon a statutory liquor dealer's bond. Jones v. U. S. & M. Trust Co., 47 Tex. Civ. App. 430, 105 S. W. 328, denied interest upon a sum allowed as compensation to a court receiver upon the theory that it was statutory costs of court. And the decisions have been uniform to the effect that statutory damages recoverable from a railway company for stock killed will not include interest from the date of destruction. Houston, etc., Co. v. Muldrow, 54 Tex. 233; St. Louis, etc., Co. v. Chambliss, 93 Tex. 62, 53 S. W. 343; St. Louis, etc., Co. v. Post (Tex. Civ. App.) 220 S. W. 129. So, also, it has been held that a recovery of double of the amount of usurious interest paid under our statutes will not carry interest until after judgment rendered, when interest will be authorized by another article of the statute. So that, the recovery in this case being upon a statutory liability, and not in any sense upon contract, and the statute being silent as to the right to interest, we think it is in effect forbidden.

We therefore recommend that the motion be granted to the extent of taxing defendant in error and his bondsmen on appeal with the costs of the district court, and in other respects overruled.