EDDIE BLUE ET AL V. STATE

No. 33,787.   November 29, 1961

P. P. Ballowe, Dallas, for appellants.

Henry Wade, Criminal District Attorney, James M. William-

*son,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This cause, on a former appeal, was reversed. See Blue et al v. State, 341 S.W. 2d 917.

The sole contention of the appellants on this appeal is that the trial court erred in holding that the reversal on appeal gave it jurisdiction of them on a retrial by virtue of Rule 123, Texas Rules of Civil Procedure. They contend that said rule is not applicable in bond forfeiture cases, and that the action of the trial court renders the final judgment herein fundamentally erroneous.

The judgment nisi relied on as the basis of the final judgment, which was reversed on appeal, is also relied on in this case. It was introduced in evidence on the instant trial and its provisions meet the requirements of Art. 425 V.A.C.C.P. The former appeal and reversal of this case makes it evident that the final judgment herein was not rendered at the same term of court during which the judgment nisi was entered.

Art. 433 V.A.C.C.P., provides as follows:

"When a forfeiture has been declared upon a recognizance or bail bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, as defendants; and the procedings had therein shall be governed by the same rules governing other civil suits." See also Art. 866 V.A.C.C.P.

Rule 123, Texas Rules of Civil Procedure, reads:

"Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed."

After the trial court had declared the forfeiture of the bail bond, all the proceedings had therein pertaining to the appear-

ance of the appellants in said court and its jurisdiction over them because of defective service of process was governed by Art. 433 and Rule 123, supra. By perfecting their appeal, the appellants invoked the purisdiction of this court, and thereby sought and obtained a reversal of the judgment against them, which constituted an appearance by them as litigants, and it was not necessary to issue and serve further process. This being a retrial of the case following a reversal on appeal, the appellants were before the trial court for all purposes. Therefore, it had jurisdiction to render the final judgment. Bonanza, Inc. v. Lee, 337 S.W. 2d 437; Western Guaranty Loan Co. v. Dean, 309 S.W. 2d 857.

The judgment is affirmed.

Appellants having superseded the judgment by supersedeas bond, judgment is rendered against the sureties on said supersedeas bond for the performance of the judgment herein affirmed.

Opinion approved by the Court.