**Terrance J. PITTS, d/b/a Alpha Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–040–CV.**

Court of Appeals of Texas, Waco.

Aug. 20, 1987.

Rehearing Denied Sept. 10, 1987.

G.P. (Pat) Monks, Dallas, for appellant.

Jimmie McCullough, Dist. & Co. Atty., Franklin, for appellee.

HALL, Justice.

The surety on a bail bond in a criminal case, Terrance J. Pitts d/b/a Alpha Bail Bonds, appeals by writ of error a post-answer default judgment forfeiting the bond. The final judgment of forfeiture also awarded the State attorney's fees. Appellant seeks reversal on the ground that he was not given notice of the hearing that finalized the judgment nisi. He also complains against the award of attorney's fees. We reform the judgment by deleting the attorney's fees and, as reformed, we affirm the judgment.

Judgment nisi was signed by the trial court on August 18, 1986. Appellant answered with a general denial on September 18th. The final judgment of forfeiture was signed by the trial judge on November 10, 1986. This judgment was a default judg-

ment, reciting that appellant had notice of the hearing but failed to appear. Appellant's motion for new trial was denied on January 28, 1987.

The evidence at the hearing on appellant's motion for new trial established that the case was first set for hearing for final judgment on October 27, 1986; that appellant received notice of this hearing and obtained a continuance from the trial court; that the case was next set for hearing on November 10, 1986, when the default judgment was taken. The hearing on appellant's motion for new trial was originally set to be held on January 5, 1987. The trial court coordinator testified with exhibits that the notices for the hearings of October 27th, November 10th and January 5th were all duly mailed by her to appellant at the same address. Appellant acknowledged that he received the first and the last, but he denied receiving the notice for the November 10th hearing. The trial judge, as trier of the facts, was entitled to disbelieve appellant and to impliedly find, instead, that appellant actually received all three notices in light of the evidence of the mailings received. *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854, 858 (1942); *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196, 197–198 (Tex.1970). In any event, the judgment was correct because appellant did not set up a meritorious defense in his motion for new trial, alleging only that he "has a meritorious defense." *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Point of error number one is overruled.

We agree with appellant that the bond forfeiture proceeding in question is a criminal action. We know of no authority for the recovery of attorney's fees in a proceeding of this nature. The County/District Attorney for Robertson County who represented the State in this case argues that the provision in V.A.C.C.P. art. 22.10 that the proceeding to determine whether the judgment nisi shall become final "shall be governed by the same rules governing other civil suits" makes the hearing a civil action permitting the recovery of attorney's fees on the bail bond contract under V.T.C.A., Civil Remedies & Practice Code § 38.001(8). We disagree. The provision in article 22.10 has been construed by our Court of Criminal Appeals to mean the applicable Rules of Civil Procedure, not the substantive law of civil remedies. *Blue v. State*, 170 Tex.Cr.R. 449, 341 S.W.2d 917, 919 (1960), cited with approval in *Tinker v. State*, 561 S.W.2d 200, 201 (Tex.Cr.App.1978). Point of error number two is sustained.

The judgment is reformed by deleting therefrom the award of attorney's fees. As reformed, the judgment is affirmed.