**BAILOUT BONDING COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00439–CV.**

Court of Appeals of Texas, Dallas.

Sept. 5, 1990.

Rehearing Denied Oct. 31, 1990.

---

G.P. "Pat" Monks, Houston, for appellant.

Sylvia L. Blake, Dallas, for appellee.

Before STEWART, ROWE and LAGARDE, JJ.

## OPINION

STEWART, Justice.

This is a bond forfeiture case. The trial court entered judgment in favor of the State against Bailout Bonding Company for the full amount of the bond together with costs, prejudgment interest, and postjudgment interest. We modify the judgment to delete the awards of prejudgment and postjudgment interest. In all other respects, we affirm the judgment.

## FACTS

Bailout executed a bail bond in the amount of $4,000 to secure the release of Brenda Dillion, who was charged with a felony. When Dillion failed to appear in court on May 1, 1989, the trial court issued a judgment nisi and subsequently entered a postanswer default judgment on October 3, 1989. The judgment awarded the State $4,000, costs, and prejudgment and postjudgment interest at the rate of ten percent. Bailout filed a writ of error and bond on April 3, 1990.

## WRIT OF ERROR REQUIREMENTS

■ A successful appeal by writ of error must meet four requirements: (1) The appellant must bring his appeal by writ of error within six months after the trial court's final judgment is signed; (2) the appellant must have been a party to the suit; (3) the appellant must not have participated in the trial; and (4) the error alleged by appellant must appear on the face of the record. *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 642 (Tex.App.—Dallas 1987, no writ); TEX.R.APP.P. 45. The trial court entered the default judgment on October 3, 1989, and Bailout brought its writ of error on April 3, 1990, which is within six months of the judgment, TEX.GOV'T CODE ANN. § 311.014(c) (Vernon 1988); Bailout meets the first requirement. Bailout was a party to the suit and, thus, meets the second requirement. Although Bailout filed an answer, the mere filing of an answer does not constitute participation in the trial. *Fears v. Mechanical & Indus. Technicians,* 654 S.W.2d 524, 527 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). Therefore, Bailout meets the third requirement. Bailout asserts two points of error, which it maintains show error on the face of the record in satisfaction of the fourth requirement.

## CONSTITUTIONALITY OF ARTICLE 22.16(c)(2)

In point of error one, Bailout contends that the trial court erred by entering judgment only five months after forfeiture was entered. Bailout argues that after the forfeiture was entered, the trial court could not enter judgment before the expiration of eighteen months, as required by article 22.-16(c)(2) of the Texas Code of Criminal Procedure. This Court has held article 22.-16(c)(2) unconstitutional. *Armadillo Bail Bonds v. State*, 772 S.W.2d 193 (Tex.App.—Dallas 1989), *aff'd*, No. 1049-89, silp op. at 6 (Tex.Crim.App. Dec. 5, 1990). Bailout asks this Court to reconsider *Armadillo Bail Bonds*. We decline to do so. Bailout's first point of error is overruled.

## INTEREST

In point of error two, Bailout argues that the trial court improperly awarded prejudgment and postjudgment interest. In the alternative, Bailout maintains that the interest rate should be six percent, not ten percent. The State responds that the civil statutes authorize interest on all judgments. TEX.REV.CIV.STAT.ANN. art. 5069-1.-05 (Vernon Supp.1990).

As a preliminary matter, we address whether a bond forfeiture proceeding is a criminal or civil matter. An appearance bond, such as the bond in the present case, is a contractual undertaking within a criminal proceeding. When the accused, the principal on the bond, fails to appear for trial, the surety's liability on the appearance bond would seem to be contractual. *See Williams v. State*, 670 S.W.2d 717, 725 (Tex.App.—San Antonio 1984), *aff'd in part & vacated in part*, 707 S.W.2d 40 (Tex.Crim.App.1986). Despite the civil cause number assigned this appeal and despite the apparent contractual nature of the surety's obligations, both the Texas Court of Criminal Appeals and the Texas Supreme Court have held that bond forfeiture proceedings are criminal in nature. *Williams v. State*, 707 S.W.2d 40, 42 (Tex.Crim.App.1986); *Jeter v. State*, 86 Tex. 555, 26 S.W. 49, 49–50 (1894) (holds that appellate jurisdiction lies in court of criminal appeals). A judgment on a bond is not in the nature of a violation of a contract. *General Bonding & Casualty Ins. Co. v. State*, 73 Tex.Crim. 649, 165 S.W. 615, 617 (1914). The Texas Code of Criminal Procedure provides a special chapter devoted to bond forfeitures. TEX.CODE CRIM.PROC.ANN. arts. 22.01–22.17 (Vernon 1989). In pertinent part, it provides:

> When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; *and the proceedings had therein shall be governed by the same rules governing other civil suits.*

TEX.CODE CRIM.PROC.ANN. art. 22.10 (Vernon 1989) (emphasis added). This article simply prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi, but it does not change the character of the case from a criminal matter into a "civil case." *State v. Sellers*, 790 S.W.2d 316, 321 (Tex.Crim.App.1990). In other words, this provision applies only to the rules of civil procedure, not rules of substantive civil law. *Blue v. State*, 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (1960) (on mot. for reh'g); *Jeter*, 26 S.W. at 49; *see, e.g., Blue v. State*, 171 Tex.Crim. 460, 351 S.W.2d 221, 222–23 (1961) (applies rule of civil procedure); *General Bonding & Casualty Ins. Co.*, 165 S.W. at 617–18 & 625 (majority holds that rule of substantive civil law does not apply; one justice dissents). Accordingly, to the extent that prejudgment and postjudgment interest is authorized in civil cases, we hold that such authority is not binding upon this bond forfeiture proceeding.

It is error for a judgment on a bond forfeiture to bear postjudgment interest. *Magless v. State*, 112 Tex.Crim. 646, 18 S.W.2d 669, 670 (1929); *Evans v. Pringle*, 634 S.W.2d 774, 775 (Tex.App.—Fort Worth), *rev'd on other grounds per curiam*, 643 S.W.2d 116 (Tex.1982). Two rationales appear to underlie the prohibition of interest on criminal bond forfeitures. First, a penal judgment, that is, a judgment in the nature of a fine, must not exceed the

penal sum fixed by the bond, and, according to the court in *Magless,* "a judgment on such a bond is in the nature of punishment." *Magless,* 18 S.W.2d at 670. Second, the statute that provides for interest on judgments must be read in the context of the statutory definition of "interest," which is "the compensation allowed by law for the use or forbearance or detention of money...." TEX.REV.CIV.STAT.ANN. art. 5069–1.01(a) (Vernon 1987); *Magless,* 18 S.W.2d at 670; *Hawthorne v. State,* 39 Tex.Civ.App. 122, 87 S.W. 839, 841 (1905, writ dism'd). "[U]nder no view or theory can it be held that the state is entitled to interest upon the ground that [the surety] ha[s] used or detained a sum of money due the state by [the surety]." *Hawthorne,* 87 S.W. at 841. To the contrary, "the sum recoverable for noncompliance with the conditions of a bail bond is a penalty." *Magless,* 18 S.W.2d at 670. Accordingly, the State's reliance upon article 5069–1.05 is misplaced.

Bailout asserts that the only time prejudgment interest may be charged in the original proceeding is when the trial court has ordered a remittitur. TEX.CODE CRIM. PROC.ANN. art. 22.16(a) & (d) (Vernon 1989). We agree. Because article 22.16 allows prejudgment interest only when the trial court has ordered a remittitur, and because there was no remittitur in the instant case, we hold that the trial court erred in awarding prejudgment interest.

We sustain point of error two, modify the judgment to delete the awards of prejudgment and postjudgment interest, and affirm the judgment in all other respects. *See generally* 8 AM.JUR.2d *Bail and Recognizance* § 165 (1980); 12 AM.JUR.2d *Bonds* §§ 45 & 48 (1964); 8 C.J.S. *Bail* § 157 (1988); 11 C.J.S. *Bonds* § 132 (1938).