Jay HUBBARD, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 10–90–043–CV.

Court of Appeals of Texas, Waco.

April 25, 1991.

Rehearing Denied June 13, 1991.

Charles A. Hood, Hernandez and Hood, Port Lavaca, for appellants.

Jimmie McCullough, County and Dist. Atty., Franklin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is an appeal from a default judgment in a bail bond forfeiture case. Appellants, principal and sureties on the bond, claim the citation was defective and that attorney's fees and interest were not proper. We will reverse and render judgment.

■ In the first point of error, Appellants claim the citations did not notify Appellants to *appear and show cause why the judgment nisi of bond forfeiture should not be made final.*

The statutory provisions concerning citations in bond forfeitures are found in Articles 22.03 and 22.04 of the Code of Criminal Procedure which provide as follows:

> Upon entry of judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment should not be made final.

TEX.CODE CRIM.PROC.ANN. art. 22.03 (Vernon 1989).

> A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court shall be attached to the citation and the citation *shall* notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final.

*Id.* at art. 22.04 (emphasis added).

The citation in this case consisted of a civil citation with a copy of the judgment nisi attached. The citation failed to notify the parties to appear and show cause why the judgment of forfeiture should not be made final, as required by Art. 22.04.

Bond forfeitures are entirely statutory. *Blue v. State,* 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (1960). In *Blue* the citation omitted similar language as was omitted from the citation in this case and the court ruled the judgment of forfeiture was

invalid. The State erroneously contends that attaching a copy of the judgment nisi to the citation satisfies the statutory requirement that the required language be in the citation. In *Gilbert v. State* the court held that "nothing essential by statute to the service of a citation should be left to inference in order to sustain a judgment by default...." *Gilbert v. State*, 623 S.W.2d 349, 354 (Tex.Crim.App.1981). Accordingly, we hold that the language in Art. 22.04 is mandatory. We further hold that attaching a copy of the judgment nisi, which includes the statutorily required language, to the citation is insufficient to meet the mandatory requirement that the citation notify the parties to appear and show cause. TEX.CODE CRIM.PROC.ANN. art. 22.04 (Vernon 1989). We sustain point one.

■ In the second point, Appellants contend the court erred in entering judgment nisi when the record shows the principal was incarcerated in the Robertson County jail on the date the judgment was entered. Judgment nisi forfeiting the bond was entered September 27, 1989, the same date the principal was placed in the Robertson County jail. Final judgment forfeiting the bond was entered by default on December 4. The State relies on the decision in *Armadillo Bail Bonds v. State* and contends that Art. 22.16 of the Code of Criminal Procedure concerning remittitur in bond forfeitures is unconstitutional. *See* TEX. CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989); *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Crim.App.1990). In *Armadillo*, the court found Art. 22.16(c)(2) unconstitutional; however, that holding is not relevant to this case since the court here did not delay the final judgment as provided by Art. 22.16(c)(2). Appellants' point two is sustained.

■ Next, Appellants contend the court erred in entering judgment for attorney's fees. Bail bond forfeitures are entirely statutory. *Blue*, 341 S.W.2d at 919. There being no statutes providing for the recovery of attorney's fees in bond forfeitures, we follow our previous decision in *Pitts v.*

*State*, 736 S.W.2d 191, 192 (Tex.App.—Waco 1987, no writ). Point three is sustained.

■ In the final point of error the Appellants contend the court erred in awarding pre-judgment and post-judgment interest. We agree. The recent decision, *Bailout Bonding Company v. State*, 797 S.W.2d 275 (Tex.App.—Dallas 1990, pet. ref'd), holds that pre-judgment and post-judgment interest which are authorized in civil cases, are not recoverable in bond forfeiture proceedings, which are criminal in nature. *Id.* at 277. *Bailout* further holds that the only time pre-judgment interest may be recovered is when the court has ordered a remittitur in accordance with Art. 22.16(a). *Id.* at 278. Appellants' final point is sustained.

We reverse the judgment of the trial court and render judgment that the State take nothing.