Lyles v. State 







NO. 10-90-076-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â VERNON P. LYLES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From County Court
Robertson County, Texas
Trial Court # 89-34C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â This is an appeal in a bail bond forfeiture case. Vernon Lyles was a surety on a $1,500
bond for Thomas Earl Marks, the principal, who was charged with a misdemeanor property
offense. Marks failed to appear in County Court on December 7, 1989, and judgment nisi was
entered. On December 16, Marks was re-arrested and placed in the Robertson County jail. On
February 7, 1990, final judgment was entered. Lyles filed a timely motion to vacate or modify
the judgment, alleging his right to a remittitur because Marks was in custody on February 7. The
ultimate issue is whether the court should have granted a remittitur of the bond. We will reverse
and remand with instructions.
Â Â Â Â Â Â Â Â Â Â Appellant asserts in point one that the court erred in entering a final judgment prior to the
nine-month delay provision in article 22.16(c)(1) of the Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 22.16(c)(1) (Vernon 1989). Because State v. Matyastik recently
held that article 22.16(c)(1) is unconstitutional as a violation of the separation of powers provision
in the Texas Constitution, we overrule point one.


 See State v. Matyastik, No. 632-90 (Tex. Crim.
App. May 8, 1991).
Â Â Â Â Â Â Â Â Â Â Points three, four, five and six concern remittitur of the amount of the bond, pre-judgment
and post-judgment interest. Article 22.16(a)(1) provides:
 (a) After forfeiture of a bond and before the expiration of the time limits set by
Subsection (c) of this article, the court shall, on written motion, remit to the surety
the amount of the bond after deducting the costs of court, any reasonable costs to
the county for the return of the principal, and the interest accrued on the bond
amount as provided by Subsection (e) of this article if:
(1) the principal is incarcerated in the county in which the prosecution is
pending; . . . .
Tex. Code Crim. Proc. Ann. art. 22.16(a)(1) (Vernon 1989) (emphasis added). In Matyastik,
the Court also held that the italicized portion of art. 22.16 (a), which utilizes the time limitations
of subsection (c) before entering final judgment, to be unconstitutional. See Matyastik, No. 632-90. The Court ruled that "remittitur now may be done anytime between forfeiture and entry of
a final judgment." Id., slip op. at 4. Here, the principal was returned to custody on December
16, 1989, before final judgment was entered February 7, 1990. The Court still had jurisdiction
over its judgment at the April 5 hearing on Lyles' motion to vacate or modify the judgment, and
upon being made aware that Marks had been in custody since December 16, was required to order
a remittitur in accordance with the mandatory provision of article 22.16(a). See Tex. Code Crim.
Proc. art. 22.16(a) (Vernon 1989). 
Â Â Â Â Â Â Â Â Â Â The legislature has considered the overcrowded condition of most jails and the state
penitentiary, and determined it to be the public policy to allow a remittitur of an appearance bond
when the principal is returned to custody prior to final judgment. In making its determination, the
legislature has recognized that jail and penitentiary space is critical in Texas and that the bail bond
industry provides a useful service by assuming the risk of a defendant's timely appearance in
court. When a defendant is released on a bail bond, the potential liabilities that cities and counties
assume while housing persons accused of crime are eliminated as well as the financial burden for
housing each prisoner. In addition, critical jail space is made available for more serious offenders. 
Â Â Â Â Â Â Â Â Â Â Here, we are presented with a principal who was charged with a misdemeanor property
offense, theft by check. The State is insisting upon payment of the entire penalty of the bond,
$1,500, in addition to pre-judgment and post-judgment interest and attorney feesâall when the
defendant was returned to custody only nine days after he failed to appear and long before final
judgment was entered. We find that the court should have vacated or modified its February 7,
1990, judgment and granted remittitur in accordance with art. 22.16(a). Id. We believe that this
is true even though Lyles presented his request for remittitur after final judgment because (1) his
response to the motion for summary judgment made such a request and (2) at the time final
judgment was entered he could have relied on the nine-month-delay provision of article 22.16(c)(1)
which was declared to be unconstitutional at a later date. We sustain points of error three, four,
five and six.
Â Â Â Â Â Â Â Â Â Â In point two, Appellant complains that attorney fees are not authorized by law. We agree. 
See Blue v. State, 170 Tex. Crim. 449, 341 S.W.2d 917 (1960); Pitts v. State, 736 S.W.2d 191
(Tex. App.âWaco 1987, no writ). The State contends that the bail bond should be decided under
the law of contracts and that attorney's fees are proper. In Bailout Bonding Co. the Court stated
that bond forfeiture cases are criminal in nature and that the rules of civil procedure apply, but not
the rules of substantive civil law. See Bailout Bonding Co. v. State, 797 S.W.2d 275, 277 (Tex.
App.âDallas 1990, pet. ref'd). Further, the Court held that a judgment on a bond is not in the
nature of a violation of contract. Id. Accordingly, we sustain point two.
Â Â Â Â Â Â Â Â Â Â We reverse and remand with instructions that the court modify the judgment to remit the
bond to the surety after deduction of only those items authorized by article 22.16(a).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed June 13, 1991
Publish 



o the minors.

   However, the theory that Harris made
alcohol available to minors was alleged in the information.Â  The information alleges all of the elements
of the offense of making alcohol available to minors and tracks the language of
the statute.Â  As a general rule, an
indictment in the language of the statute creating and defining the charged
offense will be sufficient.Â  Beck v. State, 682 S.W.2d 550, 554 (Tex.
Crim. App. 1985).

Â Â Â Â Â Â Â Â Â  HarrisÂs contention appears to be that
there is a variance between the offense as alleged in the information and the
proof at trial.Â  Even if the inclusion of
the words Âby purchasing alcoholÂ in the information created a variance, the
variance was not material.Â  Whether a
variance is material is determined by examining whether the information (1)
sufficiently informs the defendant of the charge against her to allow her to
adequately prepare a defense, and (2) is sufficiently clear about what criminal
conduct it is referring to, such that the defendant could not be subjected to
prosecution for the same offense under a differently-worded information.Â  Gollihar
v. State, 46 S.W.3d 243, 247 (Tex.
Crim. App. 2001).Â  The charging
instrument sufficiently informed Harris of the charge against her and was clear
enough about the offense that she would not be subjected to double jeopardy by
a differently worded indictment about the same offense.Â  Thus there is no material variance.

Â Â Â Â Â Â Â Â Â  Because of our resolution of HarrisÂs
first issue, HarrisÂs second issue fails.Â 
The State was not required to prove that Harris purchased the alcohol to
obtain a conviction.Â  The statute
provides more than one means by which a person can commit an offense. Â The charging instrument alleged that Harris,
with criminal negligence, made alcohol available to minors.Â  Harris was convicted of that offense.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Having overruled HarrisÂs issues, we
affirm the judgment.

Â Â Â Â Â Â Â Â Â  

BILL VANCE

Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed November
 10, 2004

Do not publish 

[CR25]