**Edward W. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01079–CV.**

Court of Appeals of Texas, Dallas.

March 19, 1992.

Edward W. Moore, Dallas, for appellant.

Sylvia L. Blake, Dallas, for appellee.

Before WHITHAM,[1] OVARD and MALONEY, JJ.

## OPINION

OVARD, Justice.

We withdraw our opinion of January 16, 1992, and vacate our judgment of that date. This is now the Court's opinion.

This is a bond forfeiture case in which the Criminal District Court No. 3, Dallas County, entered judgment in favor of the State for the full amount of the bond as well as civil court costs. In two points of error, Edward W. Moore,[2] as surety for the bond, appeals the judgment, complaining that the trial court erred in awarding the State (1) prejudgment and postjudgment interest, and (2) civil court costs. Because we find no merit in Moore's complaints, we overrule both of his points of error and affirm the trial court's judgment.

## FACTS

Moore executed a bail bond in the sum of $15,000 to secure the release of Eusebia Sepulveda, who was charged with the felony offense of conspiracy to possess marijuana. Sepulveda failed to appear for trial, and the court entered judgment nisi on January 7, 1991. Final judgment was entered against Moore on May 3, 1991, for the face amount of the bond and court costs. Moore appeals that judgment.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

In his first point of error, Moore contends that the trial court erred in

---

1. The Honorable Warren Whitham participated in the original opinion issued by this Court on January 16, 1992, however, he did not participate in this new opinion, due to his retirement effective January 31, 1992.

2. Although the parties in their briefs name "Texas Bonding Company" as appellant, the transcript indicates that Edward W. Moore is the principal surety on the bond. As a result, we will refer to appellant throughout the case as Moore.

awarding prejudgment and postjudgment interest against the original bond amount. After examining the final judgment of bond forfeiture, however, we determine that the trial court did not award prejudgment or postjudgment interest on the bond. The judgment simply awards the State $15,000, the original bond amount, "together with all costs of this suit." Accordingly, we hold Moore's argument without merit and overrule his first point of error.

## COURT COSTS

In his second point of error, Moore complains that because a bond forfeiture proceeding is *criminal* in nature, the trial court erred in assessing *civil* court costs against him. He cites *Bailout Bonding Co. v. State*, 797 S.W.2d 275 (Tex.App.— Dallas 1990, writ ref'd), and *Magless v. State*, 112 Tex.Crim. 646, 18 S.W.2d 669 (1929), in support of his position. We determine that Moore's reliance on these cases is misplaced as neither *Bailout Bonding Co.* nor *Magless* address the issue of awarding taxable court costs.

In *Bailout Bonding Co.*, this Court held that although bond forfeitures are criminal in nature, all proceedings in the trial court following judgment nisi are governed by civil rules. *Bailout Bonding Co.*, 797 S.W.2d at 277. The Court pointed out, however, that while the rules of civil procedure apply to bond forfeiture proceedings, the rules of substantive civil law do not. Accordingly, the Court reasoned that prejudgment and postjudgment interest in bond forfeiture proceedings is not governed by civil law. *See id.*

This Court pointed out that bond forfeitures are unique creatures and, as such, the Texas Code of Criminal Procedure devotes a special chapter to them. TEX.CODE CRIM.PROC.ANN. art. 22.01–.17 (Vernon 1989); *see Bailout Bonding Co.*, 797 S.W.2d at 277. This Court held that it is error for a judgment on a bond forfeiture to bear postjudgment interest. Citing *Magless*, the Court reasoned that bond forfeitures are penal in nature and as such must not exceed the penal sum. *See Magless*, 18 S.W.2d at 670. The Court further

held that according to the Texas Code of Criminal Procedure, it is error for a bond forfeiture to bear prejudgment interest unless the trial court has ordered a remittitur. *See* TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989).

Although we generally agree with *Bailout Bonding Co.*, we point out that the Code of Criminal Procedure does allow the assessment of both prejudgment and postjudgment interest when the surety has filed a special bill of review after final judgment. TEX.CODE CRIM.PROC.ANN. art. 22.17 (Vernon 1989). This analysis, however, only reinforces our conclusion that Moore's reliance on *Bailout Bonding Co.* is misplaced. We emphasize that *Bailout Bonding Co.*, as well as *Magless*, specifically deal with prejudgment and postjudgment interest. They do not address taxable court costs and are not dispositive of this case.

We determine that court costs and interest are distinctly different concepts that serve separate functions. Interest is an extension of a bond. It stems from the bond and is calculated in proportion to the bond. On the other hand, court costs are not an extension of the bond itself. They are not calculated in proportion to the amount of the bond, but are determined independently of the bond amount. Court costs are transactional in nature and should not be considered part of the bond so as to cause the final judgment to exceed the penal sum fixed by the bond.

Moreover, articles 22.01–.17 of the Texas Code of Criminal Procedure, which govern bond-forfeiture proceedings, recognize the differences between court costs and interest, and treat them differently. While the code places specific restrictions on the assessment of prejudgment and postjudgment interest, it does not impose the same restrictions on the assessment of court costs. For example, the Texas Code of Criminal Procedure specifically allows the imposition of interest only when the trial court has ordered a remittitur or when the surety has filed a special bill of review after final judgment. TEX.CODE CRIM.PROC. ANN. art. 22.16(a)–(d), art. 22.17(b) (Vernon

1989). Even then, distinctions are made as to whether prejudgment interest, post-judgment interest, or both are appropriate.

The code, however, does not restrict the assessment of taxable court costs in the same way it does the imposition of interest. Instead, it demonstrates a legislative scheme that assesses civil court costs against the surety in all bond-forfeiture proceedings. Court costs, unlike interest, are addressed throughout articles 22.01–.17 of the Texas Code of Criminal Procedure, not only in specific provisions such as articles 22.16 and 22.17. *See* TEX.CODE CRIM. PROC.ANN. art. 22.07, 22.14, 22.16, and 22.17 (Vernon 1989). Moreover, article 22.14 provides that after bond forfeiture judgments are made final, "the costs *shall* be equally divided between the sureties, if there be more than one." TEX.CODE CRIM.PROC.ANN. art. 22.14 (Vernon 1989). The language of this provision contemplates that assessment of court costs against the surety or sureties is standard in all bond-forfeiture proceedings, regardless of the forfeiture amount. It is important to note that neither article 22.14 nor any other code provision addresses the general imposition of interest in bond-forfeiture proceedings. Such assessment of interest is addressed only in specific code provisions, namely articles 22.16 and 22.17.

Accordingly, because we determine that the Code of Criminal Procedure allows the imposition of court costs on all final bond forfeiture judgments, we hold that the trial court did not err in awarding civil court costs to be taxed against Moore. We overrule Moore's second point of error and affirm the trial court's judgment.