INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00065–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 27, 2002.

Decided March 20, 2002.

Roger D. Moore, Roger Moore, PC, Austin, for appellant.

Raethella Jones, Asst. Dist. Atty., Jeri Yenne, Criminal Dist. Atty., Angleton, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal by International Fidelity Insurance Company from a judgment forfeiting a bail bond. International raises two issues for appellate review. First, it contests the validity of the judgment nisi on which the final judgment of bond forfeiture is based. Second, it contends that the judgment is invalid because the court that issued the writ of scire facias on the bond forfeiture was not the court in which the applicable criminal case was pending. For reasons that follow, we overrule these contentions and affirm the judgment of the trial court.

We first consider the issue of the validity of the judgment nisi. The final judgment of bond forfeiture rendered by the 149th Judicial District Court reads in pertinent part as follows:

[T]he Defendant–Principal failed to appear at the courtroom of the 239th District Court before the Judge of the 239th District Court, *acting on behalf of the 23rd Judicial District,* pursuant to Brazoria County local rule entitled: ORDER EQUALIZING CASELOADS AND DIVIDING DOCKET, as ordered in that certain order for pre-trial hearing and setting case for trial issued on May 12, 2000. The Defendant's Bail Bond was declared forfeited and a Judg-

ment Nisi on Forfeiture of Bond was entered against the Defendant by the Judge of the 239th District Court in the 239th District Court *acting on behalf of the 23rd Judicial District.* As required by Tex.Code Crim. Proc. Ann. art[.] 22.10 the case was docketed upon the civil docket, of the 149th District Court .... Plaintiff is entitled to final judgment.

*(Emphasis added.)*

■■■ Proceedings for the forfeiture of bail formally commence with the entry of a judgment nisi, by which the court acquires jurisdiction to adjudicate the matter of enforcing the bond obligation. *Burgemeister v. Anderson,* 113 Tex. 495, 259 S.W. 1078, 1078–79 (1924). A judgment nisi is an interlocutory, conditional judgment. *Jackson v. State,* 422 S.W.2d 448 (Tex. Crim.App.1968). It declares that a bond is forfeited unless the defendant shows good cause for his failure to appear in the court in which his case was pending and where his presence was required.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 22.02 (Vernon 1989). In a bail bond forfeiture case, the essential elements of the state's cause of action are the bond and the judgment nisi. *Alvarez v. State,* 861 S.W.2d 878, 880–81 (Tex.Crim.App.1992); *Deckard v. State,* 605 S.W.2d 918, 921 (Tex.Crim. App.1980); *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975).

■■ International's argument challenging the validity of the judgment nisi on which the final judgment of bond forfeiture is based may be summarized as follows. The 23rd Judicial District Court rendered the judgment nisi. The court where the case was pending and before which the defendant had been ordered to appear was the 239th Judicial District Court. Conse-

quently, the judge of the 23rd Judicial District Court, which rendered the judgment nisi, lacked any evidence of the facts concerning the defendant's failure to appear. The judgment nisi rendered by that court is therefore of no evidentiary value. Because the State did not introduce evidence at the bond forfeiture trial that the defendant failed to appear before the court in which his case was pending (the 239th Judicial District Court) or evidence that the case was actually pending before the court which executed the judgment nisi (the 23rd Judicial District Court), the State has failed to carry its burden of proof on its cause of action.

This argument reflects a misunderstanding of the proceedings in this matter. The record shows that the district clerk of Brazoria County sent the defendant a letter informing him that he had been indicted by a grand jury. Enclosed with the letter were copies of the felony indictment and an order from the 239th Judicial District Court setting the case for a pretrial hearing in that court on August 3, 2000. On that date, the 239th Judicial District Court, which is presided over by the Honorable J. Ray Gayle, called this cause for trial. The 239th Judicial District Court was acting on behalf of the 23rd Judicial District Court because the 23rd Judicial District Court handles all felony cases in Brazoria County pursuant to local rule. This is why Judge Gayle, who presides over the 239th Judicial District Court, signed the judgment nisi which was styled the 23rd Judicial District Court. The judge at the final bond forfeiture trial acted pursuant to the local rule. Contrary to International's understanding, the court in which this cause was pending and before

---

1. The literal meaning of "judgment nisi" is "judgment unless." It refers to the judgment that will stand unless "the adversely affected party appears and shows cause why it should be withdrawn." *See* BLACK'S LAW DICTIONARY 1068 (7th ed.1999).

which the defendant had been ordered to appear, and the court that rendered the judgment nisi were one and the same. That court was therefore in a position to note whether the defendant appeared as required. We find that the judgment nisi is valid.

■ The judgment nisi is prima facie proof that Article 22.02 of the Texas Code of Criminal Procedure, which provides for the manner of taking the forfeiture of an appearance bond, has been satisfied. TEX. CODE CRIM. PROC. ANN. art. 22.02; *Alvarez v. State*, 861 S.W.2d at 887 (op. on reh'g); *Tocher v. State*, 517 S.W.2d at 301. International had the burden to affirmatively show otherwise. *Tocher v. State*, 517 S.W.2d at 301. Because it has failed to do so, we overrule International's first contention.

■ We now consider whether the court entering the scire facias [2] on the bail bond forfeiture must be the court in which the criminal case was pending. The pertinent statute reads:

> When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits.

TEX. CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2002).

International relies on *Gen. Bonding & Cas. Ins. Co. v. State*, 73 Tex.Crim. 649,

165 S.W. 615, 619 (op. on reh'g), for the proposition that the scire facias on the bail bond forfeiture must proceed from the court in which the criminal case was pending and the forfeiture declared. In our case, after the 239th Judicial District Court, acting on behalf of the 23rd Judicial District Court, declared the bond forfeited (the judgment nisi), the case was transferred to the civil docket in accordance with Article 22.10, citation was issued (the scire facias writ), and the trial for bond forfeiture was held by the 149th Judicial District Court (the scire facias proceeding). Because the 149th Judicial District Court was not the court in which the criminal case was pending and the forfeiture declared, International argues it had no jurisdiction over the matter and that judgment is void.

■ We disagree with International's reading of Article 22.10 and *General Bonding*. *General Bonding* requires only that the court forfeiting the bond have possession of the record and jurisdiction over the cause. *Gen. Bonding & Cas. Ins. Co. v. State*, 165 S.W. at 619. As *General Bonding* and the cases cited therein make clear, the record referred to consists of the bond and the judgment nisi. *Id.* at 620; *see, e.g., State v. Kinne*, 39 N.H. 129, 137–38 (1859). Both the bond and the judgment nisi were entered into evidence in our case. As far as jurisdiction is concerned, a district court judge has the power to hear and determine a matter pending in any other district court in the county, regardless of whether the case is transferred. *See* TEX. GOV'T CODE ANN. § 74.094 (Vernon

---

**2.** "Scire facias" means a judicial writ, founded on some matter of record, such as a judgment or recognizance, and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record. The name is used to designate both the writ and the whole

proceeding. *See* BLACK'S LAW DICTIONARY 1347 (7th ed.1999). Although it is unclear whether International is referring to the scire facias writ or the scire facias proceeding in its argument, the distinction does not affect the outcome of this case.

Supp.2002). Any resulting judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. *Id.* Thus, a district court has authority to render a judgment nisi, issue a scire facias writ, or hear the scire facias bond forfeiture proceeding even if it is not the court in which the defendant was required to appear and failed to do so. *See George v. State,* 589 S.W.2d 428, 430 (Tex.Crim.App.1979); *Hall v. State,* 485 S.W.2d 563, 564 (Tex. Crim.App.1972).

■ We hold that the court entering the scire facias writ or hearing the scire facias proceeding need not be the court in which the criminal case was pending and the bond declared forfeited. We overrule International's contentions and affirm the judgment of the trial court.