November 21, 2006

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0486

Re: Whether the $37 filing fee authorized by
House Bill 11, Seventy-ninth Legislature,
Second Called Session, may be collected in
bond forfeiture matters (RQ-0491-GA)

Dear Mr. Isaacks:

You seek an interpretation of House Bill 11, Seventy-ninth Legislature, Second Called
Session, which adopted a $37 filing fee in civil suits[1] and a $4 fee on conviction in criminal cases
to fund increases in judges' compensation. See Act of Aug. 9, 2006, 79th Leg., 2d C.S., ch. 3, 2006
Tex. Gen. Laws 34, 38. You in particular ask whether Local Government Code section 133.154 and
Government Code sections 101.062, 101.083, and 101.123, as amended to provide for the $37 filing
fee, apply to bond forfeiture matters. See Request Letter, supra note 1, at 1. You also ask whether
any other fees included in House Bill 11 apply to bond forfeiture matters. See id. at 2.

Local Government Code section 133.154(a), added by House Bill 11, provides as follows:

> In addition to other fees authorized or required by law, the
> clerk of a district court, statutory county court, or county court shall
> collect a fee of $37 *on the filing of any civil suit* to be used for
> court-related purposes for the support of the judiciary.

TEX. LOC. GOV'T CODE ANN. § 133.154(a) (Vernon Supp. 2006) (emphasis added). The fees are
remitted to the Comptroller of Public Accounts for deposit in the judicial fund. See id. § 133.154(b);
see also TEX. GOV'T CODE ANN. § 21.006 (Vernon 2004) (creating judicial fund in the state treasury
to be used only for court-related purposes for the support of the judicial branch of this state).

House Bill 11 also adopted Government Code sections 101.062, 101.083, and 101.123, which
respectively provide that the clerk of a district court, the clerk of a statutory county court, and the
clerk of a county court "shall collect on the filing of a civil suit an additional filing fee of $37 under

---

[1]Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott,
Attorney General of Texas, at 1 (May 16, 2006) (on file with the Opinion Committee, *also available at*
http://www.oag.state.tx.us) [hereinafter Request Letter].

Section 133.154, Local Government Code, to be used for court-related purposes for the support of the judiciary." TEX. GOV'T CODE ANN. §§ 101.062, .083, .123 (Vernon Supp. 2006). Under each of the four provisions you inquire about, the $37 filing fee is to be collected "on the filing of a civil suit." *See id.*; TEX. LOC. GOV'T CODE ANN. § 133.154(a) (Vernon Supp. 2006). Thus, the $37 fee will apply to bond forfeitures only if a civil suit is filed in connection with these proceedings.

Before addressing your question, we summarize the law on bail bond forfeitures. "'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him . . . ." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 2005). A "bail bond" is a written promise by the defendant and his sureties to the state that the defendant will appear before a court or magistrate to answer a criminal accusation, secured by an amount of money set by a judge, a magistrate, or under some circumstances a peace officer. *See id.* arts. 17.02, .05, .08, .11, .15.

Bail "bond forfeitures are unique creatures and, as such, the Texas Code of Criminal Procedure devotes a special chapter to them." *Moore v. State*, 828 S.W.2d 497, 498 (Tex. App.—Dallas 1992, writ ref'd). Code of Criminal Procedure chapter 22 sets out the procedures governing bail bond forfeitures. *See* TEX. CODE CRIM. PROC. ANN. ch. 22 (Vernon 1989 & Supp. 2006). If a defendant whose appearance is secured by bail does not appear in court when his personal appearance is required under the Code of Criminal Procedure, his name is called at the courthouse door. *See id.* arts. 22.01, .02 (Vernon 1989). If he does not appear within a reasonable time, an interlocutory decree called a judgment nisi[2] is entered against the defendant and his sureties. *See id.* art. 22.02. A judicial decision describes the forfeiture procedure as follows:

> Proceedings for the forfeiture of bail formally commence with the entry of a judgment nisi, by which the court acquires jurisdiction to adjudicate the matter of enforcing the bond obligation. A judgment nisi is an interlocutory, conditional judgment. It declares that a bond is forfeited unless the defendant shows good cause for his failure to appear in the court in which his case was pending and where his presence was required.

*Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 896 (Tex. App.—Texarkana 2002, no pet.) (citations omitted).

---

[2]"The literal meaning of 'judgment nisi' is 'judgment unless.' It refers to the judgment that will stand unless 'the adversely affected party appears and shows cause why it should be withdrawn.'" *Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 896 n.1 (Tex. App.—Texarkana 2002, no pet.) (quoting BLACK'S LAW DICTIONARY 1068 (7th ed. 1999)).

When the forfeiture has been declared,

> the court or clerk shall docket the case upon the scire facias[3] or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits.

TEX. CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp. 2006) (footnote added). After the judgment nisi is entered on the scire facias or civil docket, "a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final." *Id.* art. 22.03(a). By presenting the bail bond and the judgment nisi to the trial court, the state makes a prima facie case for forfeiture of the bond. *See Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1993) (per curiam). The burden then shifts to the defendant or surety to prove that the state did not satisfy a statutory requirement of the judgment nisi or to raise an affirmative defense. *See id.* at 881. If the principal and sureties do not show sufficient cause for the principal's failure to appear, the judgment becomes final against the principal and the sureties for the amount in which they are bound. *See* TEX. CODE CRIM. PROC. ANN. art. 22.14 (Vernon 1989). The bail amount is collected by execution as in civil actions, and the costs are divided between the sureties. *See id.*

The Court of Criminal Appeals has held that "[c]ivil court costs may be assessed in a bail bond forfeiture proceeding after entry of the judgment nisi," but has not stated whether those costs include filing fees. *Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993); *Stephens v. State*, 99 S.W. 1122 (Tex. Crim. App. 1907). To determine whether the new $37 fee applies in a bond forfeiture, we look to the plain and common meaning of the statute's words. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases shall be read in context and construed according to the rules of grammar and common usage). We consider the language of Local Government Code section 133.154(a) requiring collection of the $37 fee "on the filing of any civil suit." TEX. LOC. GOV'T CODE ANN. § 133.154(a) (Vernon Supp. 2006).

Although article 22.10 provides that civil rules govern all proceedings in the trial court following judgment nisi, a bond forfeiture case is not a "civil case." *See State v. Sellers*, 790 S.W.2d 316, 321 (Tex. Crim. App. 1990); *accord Dees*, 865 S.W.2d at 462. A bail bond forfeiture proceeding is a criminal action governed by the rules of civil procedure after entry of the judgment nisi. *See Blue v. State*, 341 S.W.2d 917, 919 (Tex. Crim. App. 1960). Both the Texas Supreme Court and the Court of Criminal Appeals have held that an appeal from a bail bond forfeiture is a criminal case that is within the jurisdiction of the Court of Criminal Appeals as established by article

---

[3]"'Scire facias' means a judicial writ, founded on some matter of record, such as a judgment or recognizance, and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record." *Id.* at 897 n.2. The name designates both the writ and the whole proceeding. *Id.*; *see* BLACK'S LAW DICTIONARY 1373 (8th ed. 2004) (scire facias is a Latin term of law which means "you are to make known, show cause").

V, section 5 of the Texas Constitution. *See Jeter v. State*, 26 S.W. 49, 49 (Tex. 1894); *Ex parte Burr*, 185 S.W.3d 451, 452–53 (Tex. Crim. App. 2006); *see also* TEX. CONST. art. V, § 5(a).

We accordingly conclude that a bail bond forfeiture is not a "civil suit" within Local Government Code section 133.154(a). Thus, the $37 filing fee imposed by section 133.154(a) on the filing of any civil suit does not apply to bond forfeiture matters. Nor do Government Code sections 101.062, 101.083, and 101.123, which respectively provide that the clerk of a district court, the clerk of a statutory county court, and the clerk of a county court shall collect the $37 filing fee "on the filing of a civil suit," apply to bond forfeiture matters. TEX. GOV'T CODE ANN. §§ 101.062, .083, .123 (Vernon Supp. 2006).

You also ask whether any other fee included in House Bill 11 applies to bond forfeiture matters. *See* Request Letter, *supra* note 1, at 2. House Bill 11 also adopted Local Government Code section 133.105(a), which provides that:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used for court-related purposes for the support of the judiciary.

TEX. LOC. GOV'T CODE ANN. § 133.105(a) (Vernon Supp. 2006); *see* TEX. GOV'T CODE ANN. § 102.022 (Vernon Supp. 2006) (requiring $4 payment pursuant to Local Government Code section 133.105). The $4 fee is to be paid by a person convicted of an offense, with specific exceptions. The bail bond forfeiture proceeding does not lead to conviction of a criminal offense. Instead it may result in a judgment against the defendant and his sureties for the amount in which they are bound. *See* TEX. CODE CRIM. PROC. ANN. § 22.14 (Vernon 1989) (bail amount is collected by execution as in civil actions and costs are divided between the sureties). Thus, the $4 fee payable by a "person convicted of any offense" does not apply when a bail bond is forfeited pursuant to Code of Criminal Procedure chapter 22.

## S U M M A R Y

The $37 filing fee that Local Government Code section 133.154(a) imposes does not apply in bail bond forfeiture matters because no civil suit is filed. The $4 fee that Local Government Code section 133.105 imposes does not apply in bail bond forfeiture matters because no one is convicted of any offense.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee