# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00019-CV

---

**Hugo Cornejo, Appellant**

**v.**

**International Bank of Commerce, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-07-013935, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Hugo Cornejo appeals the trial court's Order Reviving Judgment, which granted International Bank of Commerce's (IBC's) application for writ of scire facias. Cornejo contends that the order must be vacated because: (1) IBC presented "no evidence" showing its diligence in serving him with the scire facias application; and (2) IBC did not serve him with the scire facias application until after expiration of a statutory deadline in section 31.006 of the Texas Civil Practice and Remedies Code, which he says "is in essence a statute of repose." We will affirm the trial court's order.

## BACKGROUND

On May 12, 2008, the trial court rendered a final judgment in favor of IBC and against Cornejo for $9,049.98 plus interest, costs, and attorneys' fees. The judgment recites that

Cornejo appeared "pro se." A writ of execution issued on July 3, 2008. The next month, the writ was returned nulla bona.[1]

On July 3, 2018, ten years after issuance of the writ of execution, IBC's judgment against Cornejo became dormant. *See* Tex. Civ. Prac. & Rem. Code § 34.001(b) (providing that "[i]f a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant" and that "[a] second writ may be issued at any time within 10 years after issuance of the first writ"); *Raymond K. Oukrop, DDS, P.C. v. Tatsch*, No. 03-12-00721-CV, 2014 Tex. App. LEXIS 7873, at *6 (Tex. App.—Austin July 23, 2014, no pet.) (mem. op.) (noting that "[a] judgment creditor may keep the judgment alive indefinitely by having a writ of execution issued within ten years of the previous writ"). On April 3, 2020, less than two years after the judgment became dormant, IBC timely filed an application for writ of scire facias to revive its judgment against Cornejo.[2] *See* Tex. Civ. Prac. & Rem. Code § 31.006 (providing that "[a] dormant judgment may be revived by scire facias . . . brought not later than the second anniversary of the date that the judgment becomes dormant"); *Vackar v. Memorial Bank*, No. 01-00-01033-CV, 2002 Tex. App. LEXIS 4259, at *6-7 (Tex. App.—Houston [1st Dist.] June 13, 2002, no pet.) (mem. op.) (concluding that 1988 judgment followed by 1989 writ of execution became dormant ten years

---

[1] "Nulla bona," meaning "no goods" in Latin, is a form of return by a sheriff or constable on an execution when the judgment debtor has no seizable property within the jurisdiction. *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 754 n.2 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[2] "Scire facias" is "a judicial writ, founded on some matter of record, such as a judgment or recognizance, and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record." It "is used to designate both the writ and the whole proceeding." *International Fid. Ins. v. State*, 71 S.W.3d 894, 897 n.2 (Tex. App.—Texarkana 2002, no pet.) (internal quotations omitted).

later in 1999, and that revival of judgment would not have been precluded by statute until two years later in 2001).  Cornejo admits that IBC's scire facias application was timely filed.

The county clerk issued citation on April 27, 2020.  IBC filed a motion for substitute service of process on July 21, 2020, including an affidavit from its process server Roger Bigony, summarizing his four unsuccessful attempts to serve Cornejo at 1710 Station Place in Carrollton, Texas 75007 with the citation and scire facias application:

> 5/23 @ 4:19 p.m. - No answer at the door when I attempted service.  There was also no answer at neighbors'.  I left a door tag on front door.  Vehicle present, TX# LSY 7555 (registered to Defendant at this address).
>
> 5/28 @ 7:38 p.m. - No answer, no answer at neighbors, left door tag on front door.
>
> 6/2 @ 12:03 p.m. - I attempted service and spoke with resident, Hisp. male, 45-55, 5'10", 180 lbs., black hair, who stated this is the current abode of Hugo Cornejo, but he was not home, left door tag with him and asked him to have the defendant call me to arrange delivery.  To date, he has not contacted me[.]
>
> 6/9 @ 7:26 a.m. - No answer at the door.  However, the defendant's vehicle was present.  I left yet another door tag on front door.

Bigony also averred that this was a "good address for the defendant, according to a" search of the Denton County Central Appraisal District ("CAD") records and attached documents with information on Cornejo's address from the CAD records.

On July 23, 2020, the trial court signed an order granting IBC's motion and authorizing service of process by "leaving a copy of the Citation, with Application attached, with anyone over the age of 16 years at 1710 Station Place, Carrollton, Texas 75007," or alternatively, "by affixing a copy of the Citation, with Application attached, to the front door at 1710 Station Place, Carrollton, Texas 75007, And by US Mail, First Class, no receipt required."  IBC successfully served Cornejo twenty-eight days later, on August 20, 2020, by posting the citation

3

to the front door at the authorized address. Cornejo filed his "answer and response" to IBC's scire facias application, claiming that "the statute of limitations under Texas Civil Practice and Remedies Code section 31.006 expired"; that IBC failed to exercise diligence in timely attempting service on him; and that he "d[oes] not recall" being served with the prior lawsuit, answering it, or being served with the writ of execution. However, Cornejo's answer acknowledged the issuance of a judgment on May 12, 2008, issuance of a writ of execution on July 3, 2008, and IBC's timely filing of its application for a writ of scire facias.

Before the November 4, 2020 scire facias hearing, IBC filed a memorandum in support of its application, attaching a "skip trace" that IBC obtained linking Cornejo's former address to his current address, Bigony's affidavit addressing his efforts to serve Cornejo, and the CAD search records. Cornejo filed a memorandum arguing that the judgment against him became dormant on May 12, 2018; that IBC "did no due diligence as to [his] address until after [IBC] attempted to serve [him] at the 12-year-old address"; and that IBC did not exercise due diligence by serving him on August 20, 2020, "more than 12 years after the judgment."

During the scire facias hearing held via Zoom—at IBC's request and without objection from Cornejo—the trial court took judicial notice of its file. The court then heard this argument from the parties:

> [IBC's counsel]: Your Honor the application was timely filed. It was—service was obtained shortly after the two year revival period passed. But we believe the plaintiff showed due diligence in obtaining service. We filed a memorandum in support of that position and would urge the revival of this judgment.
>
> . . . .
>
> [Cornejo's counsel]: Judge . . . they did timely file it. You know I acknowledge that, the issue is service. The judgment was obtained in May. They waited until August 2020. The judgment was obtained in May of 2018—I mean 2008. So it was dormant as of May 2018. And then they waited until August to get it served.

4

I don't think there is any evidence for the Court as to the due diligence steps and he must put on evidence.

Court: Okay, anything else.

[Cornejo's counsel]: That's it Your Honor.

The next day, the trial court signed the Order Reviving Judgment that Cornejo now appeals.

## DISCUSSION

### Lack-of-diligence contention

In his first issue, Cornejo contends that the trial court's Order Reviving Judgment must be vacated because IBC presented "no evidence" showing its diligence in serving him with the scire facias application. He complains that IBC "believe[s] that diligence can be shown without facts" and asserts that IBC was not diligent as a matter of law because it presented no evidence explaining delays as to: (1) the forty-two days between Bigony's last failed attempt to serve Cornejo with the scire facias application and IBC's filing of the motion for substituted service and (2) the twenty-eight days between the trial court's order authorizing substituted service of the scire facias and the execution of that substituted service. As support for his lack-of-diligence contention, Cornejo relies on cases discussing the requirements to timely "bring suit" under 16.003(a) of the Civil Practice and Remedies Code, including diligence in service of process on a defendant named in a new suit.[3]

---

[3] *See, e.g.*, *Ashley v. Hawkins*, 293 S.W.3d 175, 179, 180-81 (Tex. 2009) (noting eight-month gap in plaintiff's efforts to serve defendant with personal-injury lawsuit—during which case was dismissed for want of prosecution and reinstated—and concluding that failure to seek substitute service showed lack of diligence); *Gant v. DeLeon*, 786 S.W.2d 259, 259-60 (Tex. 1990) (concluding that requirement to "bring suit" under section 16.003 of Civil Practice and Remedies Code includes service of process and that plaintiffs failed to use diligence "during

However, a scire facias proceeding for revival of a judgment is merely a continuation of the original suit in which the judgment was rendered and does not constitute a new suit. *Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953); *Tatsch*, 2014 Tex. App. LEXIS 7873, at *6-7. A scire facias proceeding is usually "a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law." *McShane v. McShane*, 556 S.W.3d 436, 441 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (noting that if parties dispute date that judgment was rendered, trial court may consider evidence relevant to date of rendition). When determining whether to grant a scire facias application to revive a dormant judgment, the trial court considers: (1) the date of the judgment; (2) the date of the motion; and (3) any evidence showing that the time to bring the scire facias proceeding was extended by the issuance of a writ

---

three extended periods in the six years it took plaintiffs to serve defendant" with their personal-injury lawsuit); *Hull v. Vidaurri*, No. 03-08-00204-CV, 2010 Tex. App. LEXIS 424, at *15, *24-25 (Tex. App.—Austin Jan. 22, 2010, pet. denied) (mem. op.) (noting that plaintiff made no attempt to serve defendant with personal-injury lawsuit during four-month period and that plaintiff delayed seeking substituted service until six months after attempts to serve defendant failed); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (noting that plaintiff presented no evidence explaining over month-long delay in serving defendant with personal-injury lawsuit); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (concluding that there were "no efforts from which to evaluate the reasonableness or diligence" of plaintiff because there was "a complete failure to attempt service"); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (concluding that plaintiff failed to show diligence in issuance and service of citation when service was not completed until two years after payment of last bond fee that was allegedly extorted from him).

None of these cases involve a scire facias to collect a final judgment. More significantly, these cases are unlike Cornejo's because the individuals named in the filed suits had no notice of the plaintiffs' claims against them until they were belatedly served. By contrast, Cornejo appeared pro se in the underlying suit and had actual notice of IBC's claims against him. *Cf. Bevers v. Brodbeck*, No. 07-04-0475-CV, 2006 Tex. App. LEXIS 8526, at *6 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.) (noting that no scire facias was issued or served on surviving spouse of defendant named in suit and that plaintiff did not show that spouse "had actual knowledge she was a party to the suit in any capacity"); *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.) (stating that one purpose of statute of limitations is "to advise the defendant of the claims against him in a timely fashion").

6

of execution. *Harper v. Spencer & Assocs., P.C.*, 446 S.W.3d 53, 56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "Revival of a judgment is *not discretionary* if the statutory requirements to revive a dormant judgment are satisfied." *Pharus Funding, LLC v. Garcia*, No. 01-20-00411-CV, 2021 Tex. App. LEXIS 6661, at *3 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet. h.) (mem. op.) (emphasis added); *see McShane*, 556 S.W.3d at 441 ("In deciding whether a judgment should be revived, the trial court is without discretion to revive a judgment if the statutory requirements are satisfied."); *see also Cadle Co. v. Rollins*, No. 01 09 00165-CV, 2010 Tex. App. LEXIS 1421, at *6 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.) (concluding that because creditor satisfied statutory requirements to revive judgment against debtor, trial court did not have discretion to deny creditor's timely filed motion for scire facias). We review a trial court's decision on an application for a writ of scire facias de novo. *Pharus Funding*, 2021 Tex. App. LEXIS 6661, at *3.

The issue of diligence is determined by "look[ing] at whether a party's actions manifested a 'bona fide' intention to have process served." *Branch Banking & Tr. Co. v. Swig Partners GP, LLC*, No. 05-15-00878-CV, 2017 Tex. App. LEXIS 11574, at *6 (Tex. App.—Dallas Dec. 13, 2017, pet. denied) (mem. op.). A party is permitted to give its process server a reasonable amount of time to accomplish service. *See id.* at *8. Whether a plaintiff has exercised due diligence is generally a fact question requiring consideration of: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179, 180-81 (Tex. 2009) (noting eight-month gap in plaintiff's efforts to serve defendant with personal-injury lawsuit—during which case was

7

dismissed for want of prosecution and reinstated—and concluding that failure to seek substitute service showed lack of diligence as matter of law).

Here, after Cornejo had appeared pro se, the trial court issued a final judgment in favor of IBC on May 12, 2008. On July 3, 2008, within the statutory ten-year period after issuance of the judgment, a timely writ of execution issued. *See* Tex. Civ. Prac. & Rem. Code § 34.001(b). The judgment went dormant on July 3, 2018, because a second writ of execution was not issued. *See id.* On April 3, 2020, within the statutory two-year period from the date that the judgment went dormant after issuance of the writ of execution, IBC timely filed its application for a writ of scire facias. *See id.* § 31.006; *Harper*, 446 S.W.3d at 55-56 (noting that Civil Practice and Remedies Code 31.006 "has the effect of creating a twelve-year residual limitations period for final judgments"); *Tatsch*, 2014 Tex. App. LEXIS 7873, at *6; *Vackar*, 2002 Tex. App. LEXIS 4259, at *6-7. On July 23, 2020, after IBC's effort to serve Cornejo proved unsuccessful, the trial court signed an order for substituted service. Cornejo was served with IBC's scire facias application twenty-eight days later, on August 20, 2020.

We disagree with Cornejo's contention that the forty-two-day period (between the process server's last failed attempt to serve Cornejo with the scire facias application and IBC's filing of the motion for substituted service) and the twenty-eight-day period (between the trial court's order authorizing substituted service of the scire facias and the execution of that substituted service on Cornejo) were unreasonable delays and constituted lack of diligence as a matter of law. The mere fact that some time elapsed between service efforts does not conclusively demonstrate that IBC was not exercising diligence in its efforts to locate and serve Cornejo. *See Proulx v. Wells*, 235 S.W.3d 213, 217 (Tex. 2007); *Curtis v. Gibbs*, 511 S.W.2d 263, 268 (Tex. 1974) (holding that twenty-six-day delay between filing suit and

8

issuance of citation did not show lack of diligence as matter of law); *English v. Record*, No. 01 20-00608-CV, 2021 Tex. App. LEXIS 7478, at \*12 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet. h.) (mem. op.) (concluding that lack of diligence was not established as matter of law despite one-month gap between issuance of citation and first attempt at service, sixty-four days after limitations ran, and noting that "reliance on a process server may constitute reasonable diligence in some circumstances"). Cornejo cites no authority, and we have found none, holding that the completion of substituted service under comparable circumstances is unreasonable and negates diligence as a matter of law. *Cf. Islas v. Dominguez*, No. 14-18-00139-CV, 2019 Tex. App. LEXIS 7051, at \*6-7 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, no pet.) (mem. op.) (holding that due diligence was conclusively negated as matter of law where, among other things, plaintiff waited over one year after trial court authorized substituted service to request citation by publication). On this record, we are unpersuaded that IBC failed to act as an ordinarily prudent person would have acted under the same or similar circumstances or that IBC failed to act diligently until substituted service on Cornejo was accomplished. *See Ashley*, 293 S.W.3d at 180-81.

Moreover, this record reflects that IBC met the statutory requirements for a writ of scire facias. When considering the statutory requirements as to the date of the judgment, the date of the scire facias application, and whether the time to bring the scire facias proceeding was extended by the issuance of a writ of execution, *see Harper*, 446 S.W.3d at 56, the trial court took judicial notice of its file. Such judicial notice was proper because Cornejo's answer contained the following judicial admissions as to the date of the judgment, the date that the writ of execution issued extending the time to file the scire facias application, the timely filing of the scire facias application, and the date that he was successfully served:

9

- "The judgment shows to be issued on May 12, 2008,"

- "A writ of execution shows to have been issued on July 3, 2008,"

- "Defendant was not served until August 20, 2020," and

- "In this case, the application for writ of scire facias shows that it was filed timely."

*See In re Expunction*, 465 S.W.3d 283, 291 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("When a party makes a 'deliberate, clear, and unequivocal' judicial admission, courts may take judicial notice of filed pleadings supporting such admissions."), *overruled on other grounds by State v. T.S.N.*, 547 S. W. 3d 617, 620 (Tex. 2018).

Further, judicial notice was proper as to the trial court's order granting substitute service, in which it expressly found that IBC's motion for substitute service of process "has merit." *See* Tex. R. Civ. P. 106(b) (setting forth requisites of substituted service); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (concluding that substitute service under Rule 106(b) requires affidavit demonstrating "necessity" for service other than personal service); *see also Branch Banking & Tr.*, 2017 Tex. App. LEXIS 11574, at *6-7 (noting that when granting plaintiff's motions for substitute service, trial court repeatedly found that plaintiff had diligently attempted service on each of defendants). Judicial notice was also proper as to the trial court's final judgment, which was not taken by default but rendered after "Defendant [Cornejo] appeared pro se," showing that Cornejo had actual notice of IBC's claims and effort to obtain the judgment against him. *See Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (noting "trial court was free to take judicial notice of its final judgment"); *cf. Bevers v. Brodbeck*, No. 07-04-0475-CV, 2006 Tex. App. LEXIS 8526, at *6 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.) (noting that no scire facias was

10

issued or served on surviving spouse of named defendant and that plaintiff failed to show that surviving spouse "had actual knowledge she was a party to the suit in any capacity").

We conclude that the trial court properly granted IBC's application for writ of scire facias reviving the judgment against Cornejo and that it had no discretion to deny the application when the record showed that the statutory requirements were met. *See Pharus Funding*, 2021 Tex. App. LEXIS 6661, at *3; *McShane*, 556 S.W.3d at 441; *Webb*, 2017 Tex. App. LEXIS 1462, at *4; *Cadle*, 2010 Tex. App. LEXIS 1421, at *6. We overrule Cornejo's first issue.

**Statute-of-repose contention**

In his second and final issue, Cornejo contends that although IBC's scire facias application was timely filed, the judgment against him cannot be revived because substituted service of the scire facias occurred after July 3, 2020, the two-year statutory deadline for bringing a scire facias in section 31.006 of the Civil Practice and Remedies Code, which, he says, "is in essence a statute of repose." As we have noted, that statute provides that "[a] dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." Tex. Civ. Prac. & Rem. Code § 31.006. Cornejo contends that section 31.006 is "a hard temporal bar to prevent a party from obtaining a writ of execution" but cites no authority holding that this is so.

"[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Methodist Healthcare Sys. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010). "Statutes of repose begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral." *Id*.

11

"The key purpose of a repose statute is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions, except perhaps those clear exceptions in the statute itself." *Id.* at 286.

"[A]s an affirmative defense, the statute of repose is only available to parties that properly raise it in the trial court." *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (citing Tex. R. Civ. P. 94); *see Kubbernus v. ECAL Partners, Ltd.*, 574 S.W.3d 444, 477 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("A statute of repose operates as an affirmative defense that must be pleaded and proven by a defendant."). "[A]n affirmative defense, such as statute of repose, that is not pleaded is waived." *Kubbernus*, 574 S.W.3d at 477. Here, Cornejo failed to plead the statute of repose. Thus, even if section 31.006 were a statute of repose—an issue we do not reach here—it is an affirmative defense that Cornejo failed to raise in his pleadings. Rather, his pleadings expressly refer to "the *statute of limitations* under Texas Civil Practice and Remedies Code section 31.006." (Emphasis added.) Because Cornejo waived this contention, we overrule his second issue.

## CONCLUSION

We affirm the trial court's order reviving judgment.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   September 22, 2021