**Affirmed and Memorandum Opinion filed February 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00418-CV

---

## PHARUS FUNDING, LLC AS ASSIGNEE OF LHR, INC., Appellant

## V.

## JUAN I. SANCHEZ AND ANA M. LARA A/K/A ANA MIRIAM LARA, Appellees

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 871543**

---

## M E M O R A N D U M   O P I N I O N

Pharus Funding, LLC as assignee of LHR, Inc. ("Pharus"), appeals the trial court's order denying its application for a writ of scire facias to revive a dormant judgment rendered against appellees, Juan I. Sanchez and Ana M. Lara a/k/a Ana Miriam Lara. In its order, the trial court found that no writ of scire facias was issued and served within twelve years from the judgment date. Pharus contends the ruling

is error because a writ of scire facias to revive a dormant judgment is not required to be personally served. We disagree and affirm the order.

## Background

On September 29, 2006, the trial court signed a final judgment against appellees and in favor of LHR, Inc., awarding LHR $16,197.89 in damages and attorney's fees.[1] LHR did not execute the judgment, which became dormant on September 29, 2016. *See* Tex. Civ. Prac. & Rem. Code § 34.001. Pharus then acquired the judgment from LHR.

On May 24, 2018, Pharus filed an "Application for Writ of Scire Facias to Revive Dormant Judgment." Pharus included with its application a certificate of service stating that Pharus served a copy of the application on appellees via certified mail, return receipt requested on May 17, 2018. Pharas attached to its application a copy of the dormant judgment and a notice of assignment of judgment, which provided: "By agreement, LHR, INC. has assigned all rights and interests in the Judgment which LHR, INC. obtained in this matter to MILLENIUM FINANCIAL GROUP, L.L.C., which in turn[] has assigned all rights and interests to PHARUS FUNDING, LLC [who] is now the owner, holder and party entitled to receive payment on the Judgment."

Almost two years later, Pharus scheduled its application for submission without an oral hearing on April 24, 2020. The trial court signed an order on April 30, 2020 denying the application. In its order, the trial court found that "no Writ of

---

[1] The court later signed a judgment nunc pro tunc on January 2, 2007. A judgment nunc pro tunc relates back to the date of the original judgment and is effective as of the earlier date. *See In re M.V.*, No. 14-08-00418-CV, 2009 WL 6407539, at *3 (Tex. App.—Houston [14th Dist.] Sept. 1, 2009, no pet.) (mem. op.).

Scire Facias was issued/served within the 12 year residual period from Judgment date." Pharus appeals the trial court's order.

## Standard of Review and Governing Law

"If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem. Code § 34.001(a); *see also Pharus Funding LLC v. Suson*, No. 02-20-00325-CV, 2021 WL 4783261, at *3 (Tex. App.—Fort Worth Oct. 14, 2021, no pet. h.) (mem. op.); *Pharus Funding, LLC v. Garcia*, No. 01-20-00411-CV, 2021 WL 3556679, at *1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet.) (mem. op.). A dormant judgment may be revived by scire facias "brought not later than the second anniversary of the date that the judgment becomes dormant."[2] Tex. Civ. Prac. & Rem. Code § 31.006; *Garcia*, 2021 WL 3556679, at *1; *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, no pet.) (mem. op.). "The effect of section 31.006 is to provide a twelve-year residual limitations period for final judgments." *Garcia*, 2021 WL 3556679, at *1; *see also Frost Nat'l Bank v. White*, No. 14-18-00437-CV, 2019 WL 1602180, at *1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2019, no pet.) (mem. op.); *Rollins*, 2010 WL 670561, at *2.

A scire facias hearing is non-evidentiary, requiring no findings of fact or conclusions of law. *Garcia*, 2021 WL 3556679, at *2; *White*, 2019 WL 1602180, at *1. In determining whether to revive a dormant judgment, the trial court considers

---

[2] "Scire facias" means "'a judicial writ, founded on some matter of record, such as a judgment or recognizance, and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such a record. The name is used to designate both the writ and the whole proceeding.'" *Garcia*, 2021 WL 3556679, at *1 n.4 (quoting *Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 897 n.2 (Tex. App.—Texarkana 2002, no pet.)).

the date of the judgment, the date of the motion, and any evidence that the time to bring the scire facias proceeding was extended by the issuance of a writ of execution. *Garcia*, 2021 WL 3556679, at *2; *White*, 2019 WL 1602180, at *1. As long as the statutory requirements are met, a trial court has no discretion to refuse to revive a dormant judgment. *Garcia*, 2021 WL 3556679, at *2; *see White*, 2019 WL 1602180, at *1. We review the trial court's ruling de novo. *Garcia*, 2021 WL 3556679, at *2; *Rollins*, 2010 WL 670561, at *2.

## Application

In its sole appellate issue, Pharus asserts that the trial court had no discretion to deny its application based on a failure to personally serve a scire facias writ or citation because that is not the "applicable legal standard." Pharus does not dispute that no scire facias writ or citation was personally served on appellees. Pharus served the application by certified mail in accordance with Texas Rule of Civil Procedure 21. According to Pharus, service under rule 21 is all that is required.

The weight of authority, however, is decidedly contrary to Pharus's position. Recently, both the First and Second Courts of Appeals have rejected precisely this argument in cases involving Pharus. Those courts have held that a dormant judgment debtor must be personally served with the scire facias writ or citation, as the law requires for service of citations generally. *Suson*, 2021 WL 4783261, at *3-4, 6; *Garcia*, 2021 WL 3556679, at *3. Other courts have implied or assumed as much. *See, e.g.*, *Pharus Funding, LLC v. Solley*, No. 06-20-00090-CV, 2021 WL 1680206, at *1 (Tex. App.—Texarkana Apr. 29, 2021, no pet.) (mem. op.); *see also Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) (noting that, after scire facias writ was issued, it was served on judgment debtor who failed to answer); *Cornejo v. Int'l Bank of Comm.*, No. 03-21-00019-CV, 2021 WL 4296416, at *1-2 (Tex. App.—Austin Sept. 22, 2021, no pet. h.) (mem. op.) ("On July 23, 2020, after IBC's effort

4

to serve Cornejo [with the scire facias application] proved unsuccessful, the trial court signed an order for substituted service. Cornejo was served with IBC's scire facias application twenty-eight days later, on August 20, 2020."); *White*, 2019 WL 1602180, at \*1 (trial court ordered citation of scire facias issued to judgment debtors). In *Solley*, the Texarkana Court of Appeals explained that the scire facias procedure ensures the judgment debtor has proper notice of the judgment creditor's application to revive the dormant judgment. *Solley*, 2021 WL 1680206, at \*1 n.3. By requiring that applications for scire facias writs to revive dormant judgments be served in a manner similar to citations, the judgment debtor receives actual notice of the application, as well as being afforded the opportunity to assert any defenses the judgment debtor may have to the judgment's revival, such as payment. *See id.*

We agree with this conclusion. A debtor on a judgment that has become stale through dormancy is entitled to rely on the legal implications of dormancy and rest assured that no execution may be pursued absent the judgment's revival. Given the legislature's declaration that judgments of a certain age no longer remain subject to execution unless revived, coupled with the significant amount of time that must pass before a judgment becomes dormant, we agree with those courts concluding that a dormant judgment debtor is entitled to actual notice through personal service that a party is seeking to revive the judgment.

In support of its position, Pharus cites *Webb v. Yorkshire W. Capital, Inc.*, No. 05-16-00390-CV, 2017 WL 677825, at \*3 (Tex. App.—Dallas Feb. 21, 2017, no pet.) (mem. op.), for the proposition that, in a scire facias proceeding, "where the defendants were served with process, appeared and answered, participated in the proceedings, and received notice of the judgment, revival of the judgment did not require personal service." This is not an accurate reading of *Webb*. In that case, a judgment creditor sought to revive a dormant judgment by application for a writ of

scire facias following two unsuccessful attempts at execution. The court's opinion in *Webb* does not indicate whether the scire facias writ was personally served on the judgment debtors, but no party raised the issue, and the judgment debtors received notice of the application because they appeared and opposed the request. *Id*. at *1. Thus, personal service of the scire facias writ was not at issue. The question, rather, involved whether a writ of execution was properly issued. *Id*. at *4. *Webb* does not support Pharus's argument, and Pharus cites no other authority holding that a scire facias writ or citation in connection with an application to revive a dormant judgment need not be personally served on the judgment debtor.

The judgment in today's case became dormant on September 29, 2016. Tex. Civ. Prac. & Rem. Code § 34.001. To revive the judgment, Pharus had to bring the application not later than September 29, 2018. *Id*. § 31.006. Pharus filed its application four months before the deadline, but Pharus admittedly did not have a scire facias writ or citation issued or served on appellees at any time either before or after the deadline. And Pharus did not request a ruling on its application until approximately nineteen months after the deadline. Under these circumstances, the trial court did not err in denying Pharus's application to revive the dormant judgment. We overrule Pharus's sole issue.

## Conclusion

We affirm the trial court's order denying Pharus's application for a writ of scire facias to revive the dormant judgment.


/s/      Kevin Jewell
         Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

6